## LOS ANGELES BRUSH MANUFACTURING CORPORATION *v.* JAMES, DISTRICT JUDGE.

MOTION FOR LEAVE TO FILE A PETITION FOR MANDAMUS.

No. —, Original. Motion submitted October 25, 1926.—Denied January 3, 1927.

1. In the exercise of its appellate jurisdiction to issue writs of mandamus, under Jud. Code § 234, and in fulfilment of its power under Rev. Stats. § 917, to regulate the equity practice, this Court has discretion to issue the writ directly to the District Court in a case of which it has ultimate power to review the merits, for the purpose of inquiring into and correcting a practice of assigning all patent causes to a master, adopted by the District Judges, alleged disconformity to the Equity Rules. P. 705.

2. Under Equity Rules 46 and 59, trials are, generally, to be oral, in open court, and references to a master exceptional, and this applies to patent cases. P. 706.

3. District Courts must exercise a discretion in reference to the order of business; and congestion of the calendar with many cases, including a large number of criminal cases, ahead of the patent cases, may furnish cause for referring the patent cases to a master. P. 707.

Leave to file denied.

ORIGINAL application for leave to file a petition for mandamus directed to one of the District Judges of the Southern District of California.

*Mr. Ford W. Harris* was on the brief for petitioner in support of the motion.

No appearance for respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a motion for leave to file a petition for mandamus by the Los Angeles Brush Manufacturing Corporation, against a Judge of the United States District Court for the Southern District of California. The petitioner is a defendant in two patent suits pending in that court, in one of which the Stabler Parker Company is complainant; and W. B. Clancy and others are complainants in the other. The suits are bills in equity brought to restrain the defendant from infringement of a patent for a new and improved brush. The defendant answered and the complainants moved to set the two cases for trial. Counsel for the complainants said that while his clients would prefer to try the case before the court, he would ask, if the court had not time to try them, that the cases be referred to a special master. Counsel for the defendant objected to such a reference, and said that if the reference was to be made, he would like to have a notation in the record that no showing had been made of exceptional circumstances, and that the cases were referred to the master over his objection. Thereupon the following order was made in each case:

"This cause now appearing on the call of the Court's calendar to be set for trial, and it being the desire of both counsel for the plaintiff and defendant, as expressed in open Court, that a date be fixed for the trial hereof, and counsel for the plaintiff insists that, because of alleged acts of infringement committed by the defendant, plaintiff will suffer damage by reason of the great delay in the hearing and determination of the issues herein; and it appearing that because of the congestion of the Court's calendar there are many other causes entitled to be first heard, including a large number of criminal causes which are entitled to preference over civil matters as to the trial thereof; and it further appearing that, because of the protracted length of patent trials, the result has been and is that other civil litigants having causes to be tried have not been accorded a fair proportion of the time of the Court; and it appearing that this condition will continue unless many of the patent cases, including this cause, now pending can be disposed of in the manner herein provided, and, hence, that in order to fairly and within a reasonable time dispose of the business before the Court, it is necessary that this order be made:

"It is now ordered, that this cause be referred to Charles C. Montgomery, Esq., Standing Master in Chancery, to take and hear the evidence offered by the respective parties and to make his conclusions as to the facts in issue and recommend the judgment to be entered thereon; the Standing Master in Chancery is authorized and empowered to do all things and to make such orders as may be required to accomplish a full hearing on all matters of fact and law in issue in this cause; the objection of counsel for the defendant to the making of this order referring the cause to the Master is hereby noted and an exception is allowed in favor of the defendant."

Thereupon the defendant filed this petition asking a rule against the Judge to show cause why a mandamus

should not issue directing him to vacate the order of reference to the master and to place the causes on the calendar for trial in open court. He says that he is informed and believes that at some time prior to July 12, 1926, the judges of the United States District Court, Southern District of California, by mutual agreement, appointed Montgomery as standing master to try patent causes; that at the calling of the term calendar in July, 1926, and at divers times since, all the district judges have announced in open court and in chambers that they would not personally try all causes involving patents for invention but would refer substantially all such causes to said standing master; that the result is that the standing master has set up a court with an extensive docket; that the causes here in question are ordinary and extremely simple patent causes which can be quickly and expeditiously tried, as will appear from the records therein; that the principal reasons given for the action by the court is that patent causes sometimes require protracted trials and that the court calendar is now, and has been for some years, rather congested, but that this condition is not exceptional but quite usual in most of the district courts and promises to continue indefinitely. The petitioner avers that it has an established right under the Equity Rules to a trial in open court; that the petitioner has no other remedy than application to this Court to act under the supervisory authority established by § 234 of the Judicial Code, 1 Stat. at Large 80, and in accordance with *Virginia* v. *Rives*, 100 U. S. 313; that unless this application is granted, the litigants in patent causes in the Southern District of California will be forced at their own expense to maintain a patent court set up by the judges of the District Court and operating in defiance of the plain intent of the Equity Rules; that by thus singling out patent cases such judges have unjustly and arbitrarily discriminated against a certain class of litigants and sub-

jected those litigants to unnecessary trouble and expense, because proceedings before a master are invariably protracted and expensive, and the cost of such proceedings must be borne by the litigants.

By § 917 of the Revised Statutes, this Court is given power from time to time, in any manner not inconsistent with the laws of the United States, to regulate the whole practice to be used in suits in equity or admiralty by the district courts—*Weyman* v. *Southard,* 10 Wheat. 1. This was taken from § 13 of the original Judiciary Act, 1 Stat. 80, c. 20. The same 13th section provided that the Supreme Court should have appellate jurisdiction to issue writs of mandamus in cases warranted by the principles and usages of law to any courts appointed under the authority of the United States. This part of the original § 13 became embodied in § 688 of the Revised Statutes and is now to be found in § 234 of the Judicial Code.

In *Virginia* v. *Rives,* 100 U. S. 313, at p. 323, Mr. Justice Strong, speaking for the court in reference to writs of mandamus which the Supreme Court might issue, said:

" In what case such a writ is warranted by the principles and usages of law it is not always easy to determine. Its use has been very much extended in modern times, and now it may be said to be an established remedy to oblige inferior courts and magistrates to do that justice which they are in duty, and by virtue of their office, bound to do. It does not lie to control judicial discretion, except when that discretion has been abused; but it is a remedy when the case is outside of the exercise of this discretion, and outside the jurisdiction of the court or officer to which or to whom the writ is addressed."

The hearing of these causes in review would normally be had in the Circuit Court of Appeals of the Ninth Circuit, and they could only come here in due course by applications for certiorari and the granting of them. We do not need to decide whether the intervention between

23468°—27——45

this Court and the District Court of an intermediate appellate court would prevent the issue of mandamus by this Court direct to the District Court, in matters in which the Circuit Court of Appeals would or should ordinarily have power to issue a mandamus to the same end in aid of its appellate jurisdiction. However that may be, we think it clear that where the subject concerns the enforcement of the Equity Rules which by law it is the duty of this Court to formulate and put in force, and in a case in which this Court has the ultimate discretion to review the case on its merits, it may use its power of mandamus and deal directly with the District Court in requiring it to conform to them. *Ex parte Abdu,* 247 U. S. 27, 28; *Ex parte Crane,* 5 Peters 190, 192, 193, 194. This is not to say that in every case where the Equity Rules are the subject of interpretation and enforcement in the District Court, such questions may as of course be brought here and considered in a direct proceeding in mandamus. The question of thus using the writ of mandamus would be a matter of discretion in this Court, and it would decline to exercise its power where the issue might more properly come up by mandamus in an intermediate appellate court or in regular proceedings on review. If it clearly appeared, however, that a practice had been adopted by district judges, as to the order or procedure in hearing causes, at variance with the equity rules, our writ might well issue directly to such judges.

Rule 46 requires that in any trials in equity the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or the rules, and that the Court shall pass upon the admissibility of all evidence offered as in actions at law. Equity Rule 59 provides that, save in matters of account, a reference to a master shall be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it. These rules were adopted by this Court

after a thorough revision. Committees of the Bar from the nine different circuits were invited to assist the Court in the matter. The Court, after much consideration, concluded that the then method of taking evidence in patent, and other causes in equity, had been productive of unnecessary expense and burden to the litigants and caused much delay in their disposition, and that the effective way to avoid the making of extended records, unnecessary to a consideration of the real issues of the causes, was to require, so far as it might be possible and practicable, that the evidence taken in patent and other cases should be taken in open court, and that only in exceptional cases should the cause be referred after issue to a special master. Though there has been some criticism and complaint of the inconveniences that arise from this change of the rules, the Court is strongly convinced that the change has justified itself; and it has no purpose to amend the provisions of Rule 46 and Rule 59. Were it to find that the rules have been practically nullified by a district judge, or by a concert of action on the part of several district judges, it would not hesitate to restrain them. One of the causes for complaint of the general administration of justice is the expense it entails upon the litigants; and, so far as it reasonably may do so, this Court is anxious to minimize the basis for such complaints. There is no reason why a patent litigant should be subjected to any greater expense than any other litigant, except as it may be involved in the inherent and inevitable difference between the presentation of the issues as to the merit and validity of a patent grant, and that which obtains in the litigation of an ordinary bill for relief in equity, or of an action at law upon a debt or for a tort.

Of course, courts must exercise a discretion in reference to the order of business to be conducted before them, and all the cases can not be heard at once. It is in the interest of economy of time that there should be hearings, first

in one class of cases, and then in another, provided each class may be given an opportunity within a reasonable time. Arguments based on humanity and necessity for the preservation of public order require that criminal cases should be given a reasonable preference; but even this must be conceded with moderation, and what time there is of the court, in view of the whole docket, must be equitably distributed. The reason given in the order for referring these cases to a special master is that there is congestion in the court's calendar and that there are many other cases entitled to be heard first, including a large number of criminal causes which should be preferred over civil causes as to the trial thereof, that other civil litigation has not been accorded a fair proportion of the time of the court, and that the condition will continue unless many of the patent cases, including this cause, be disposed of by such a reference.

In view of the recitals of the order, we are not inclined to infer that there has been any deliberate abuse of discretion in this matter, or to hold that there may not sometimes be such a congestion in the docket as to criminal cases as would justify a district judge in not literally complying with the requirements of the two rules in question. There has been an emergency, due to a lack of judges in some districts, which we can not ignore. We shall therefore deny leave to file this petition, but are content to state our views on the general subject, with confidence that the district judges will be advised how important we think these two rules are, and that we intend, so far as lies in our power, to make them reasonably effective for the purpose had in view in their adoption.

*Leave denied.*