THE P. R. R. NO. 35.

THE EUGENIA MORAN.

No. 280.

Circuit Court of Appeals, Second Circuit.
March 9, 1931:

Burlingham Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and Stanley R. Wright, both of New York City, of counsel), for appellant.

Alexander, Ash & Jones, of New York City (Edward Ash and Lawson R. Jones, both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and MACK, Circuit Judges.

L. HAND, Circuit Judge.

On August 28, 1930, the libellant, the owner of a scow, filed its libel in rem against the tug "Number 35," which had the scow in tow, and against the tug, "Moran," of another company, to recover for injuries resulting from a collision in the Kill van Kull. The "Number 35" answered on September twenty-ninth, the "Moran" on October seventh, and the cause stood upon the docket awaiting trial. Thereupon on December second, over the protest of the claimants, the court directed that the cause be referred to a commissioner "to hear the testimony offered by the parties hereto and to report his conclusions on the issues of law and fact to this court on or before the second day of January, 1931." This order merely recited that the cause had appeared on a "special" docket, called to determine whether the cases there listed should be referred. The libellant brought on the issues before the commissioner on December twenty-third, when the claimants again protested and refused to take part in the proceedings, which thereupon went along to a conclusion. The commissioner exonerated the "Moran," found the "Number 35" at fault, liquidated the damages, and recommended a decree for the libellant. The "Number 35" excepted to the report on the ground that the court was without jurisdiction to refer the issues without consent, and that the proceedings before him were for this reason non coram judice. The court overruled the exceptions and entered a final decree from which the "Number 35" has now appealed.

■ The case is pressed to test the power of the district court to refer the issues generally in an admiralty cause to a commissioner to hear the proofs and to file an advisory report with his conclusions for final disposition by the court. The occasion does not appear in the record, but we may take notice of some of the facts. The admiralty docket in the Southern District of New York has been much in arrears for many years, and the judges have been unable with the time available to bring to trial causes upon it without great delay. This has been to the advantage of respondents and claimants, who thus obtain a moratorium of over a year if the claims against them prove to be valid. Judge Woolsey, conceiving that some advance might be made in the disposition of the court's business, called a list of five hundred cases from the foot of the docket, and passed orders of general reference in a certain number, how many does not appear. His power to do so depends upon the meaning to be given the Admiralty Rules 43 and 46 (28 USCA § 723).

■ The first provides that, "where the court shall deem it expedient or necessary for the purposes of justice, it may refer any matters arising in the progress of the suit to one or two commissioners or assessors, to be appointed by the court, to hear the parties and make a report therein." The second, that "in all trials in admiralty the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute, or agreement of parties." If read literally the exception in Rule 46 would forbid any reference whatever under Rule 43, except when the parties agree; so understood, it would differ from Equity Rule 46 (28 USCA § 723), which is the same, ipsissimis verbis, save that it concludes, "except as otherwise provided by statute or these rules." It is quite true that hitherto the practice has been not to refer the "merits" of an admiralty cause without consent, though that was apparently not the case in all other districts before 1921. The Guy C. Goss (D. C.) 53 F. 826. On the other hand the liquidation of damages before a commissioner has long been as of course here as elsewhere, and the consent of the parties has been as little required since 1921 as before. Unless we have been wrong in this, Rule 46 is to be read with Rule 43 as an implied exception. We understand the law to be that while for a reference there must be some special circumstances which make it "expedient or necessary for the purposes of justice," if the parties do not consent, the exception in Rule 46 is not literally absolute. We have to decide whether the size of the dockets, and the occupation of the judges otherwise, make an excuse within the extremely general words of Rule 43.

It must be owned that there are expressions in our opinions which countenance the claimants' position, though we have never decided the point. Thus in The Bronx, 246 F. 809, 810, we said that the court may not

send "the merits of a cause for trial before a commissioner," citing in support Kimberly v. Arms, 129 U. S. 512, 9 S. Ct. 355, 32 L. Ed. 764, a suit in equity. But in Kimberly v. Arms, the Supreme Court was discussing a reference to hear the evidence and determine the cause, quite another proceeding from the advisory report here at bar. Again in The Spica, 289 F. 436, a cause in which the procedure in the District Court was so amorphous that nobody has ever been able to learn just what did happen, we said the same thing, once more basing our decision on Kimberly v. Arms. However, both these cases were decided before the Supreme Court passed upon Equity Rules 46 and 59, in Los Angeles Brush Corp. v. James, 272 U. S. 701, 47 S. Ct. 286, 71 L. Ed. 481; and the Ninth Circuit, in Neale, Inc., v. McCormick, 19 F.(2d) 320. Though in each of these the situation confronting the District Court was spread in the recitals of the order of reference, the absence of such an explanation at bar is no reason for inferring that no ground existed, at least if the matter lies in discretion, which we must assume to have been properly exercised until the contrary appears. While the Supreme Court unequivocally announced its determination to enforce the observance of Equity Rule 46, it said that the press of judicial business might result in a miscarriage of justice, if the judges' time were absorbed in hearing testimony in patent causes. It refused therefore to intervene, contenting itself with the caution that the discretion granted by Equity Rule 59 (28 USCA § 723), must not be abused, but leaving the District Judges free, until they should betray some disposition to evade the rule. Equity Rule 46 is, as we have said, to be read like Admiralty Rule 46, but Equity Rule 59, under which alone any reference can be allowed, is somewhat more circumscribed than Admiralty Rule 43. Instead of leaving the matter broadly to the court, "save in matters of account," it expressly forbids references except under "exceptional conditions." The subject-matter of the Admiralty Rule—maritime litigation—can scarcely contract its scope, in the face of such language.

The procedure in the admiralty was taken from the civil law, and, as in equity, in early days evidence was by deposition. The original Judiciary Act (section 30 of the Act of September 24, 1789 [1 Stat. 88]), changed this as to both, and while the ancient practice became optional in equity after 1802 (section 25, Act of April 29, 1802 [2 Stat. 166]), the statute remained unchanged as to admiralty until the whole procedure was put into the hands of the Supreme Court in 1842. The rules of 1844—in which Rule 43 appears as Rule 44—do not seem to have expressly provided for trials, probably assuming that the original practice prescribed by the act of 1789 was to continue. Although therefore the procedure of equity and the admiralty differed between 1802 and 1913 (when the new equity rules went into effect), since 1913 they have again become the same. There is no reason any longer to impute a higher sanction to trials in open court on one side of the court than on the other, and the same discretion would seem to exist in each.

The appellant indeed concedes that there may be issues such that because of their intricacy the court may refer them for report. Its position is that it is the nature of the inquiry alone which justifies that course, and that in an ordinary cause, involving questions with which the judges are familiar, delay in coming to trial will not serve. Yet, except when he calls assessors to help him—a practice substantially unknown—the judge must in the end decide the dispute on the evidence taken, as much when it is hard as when it is easy. His power to refer troublesome issues depends, not upon his escape from the difficulties they raise, but because their trial will take a long time. If so, we cannot see why crowded dockets do not come within the same excuse. Suits must somehow be decided, and delay may be nearly as bad as no decision at all. A court, finding itself permanently in arrears and unable to gain upon its work, staffed as it is, is forced to select the most available means at hand. Whether it is more "expedient or necessary for the purposes of justice" to deny seasonable access to suitors, or to impose upon them the expense of a reference, appears to us a matter exclusively for their determination.

We agree of course that if it appeared that they used the practice merely as a fetch to evade the rule, we should be called upon to intervene. Against that possibility we need do no more than recur to the caution of the Supreme Court. That is beside the point here. We cannot close our eyes to the situation as it exists, or deny that it may be an occasion for action out of the common. Obviously we cannot now say what circumstances might induce us to interpose. The matter is primarily one for the District Judges; and we must assume that they feel themselves as much bound by the law as we. All we need now decide is that on the showing before us

it does not appear that the order was improper.

As the appellant does not dispute the propriety of the decision upon the merits, but merely wishes to raise the point of jurisdiction, we affirm the decree without more.

Decree affirmed.