## LINDE v. GLOBE & RUTGERS FIRE INS. CO.

### No. 6012.

District Court, S. D. California, C. D.
March 18, 1933.

Briney & Ekdale, of San Pedro, Cal., for libelant.

Sawyer & Cluff, of San Francisco, Cal., for respondent.

JAMES, District Judge.

The libelant has asked for an order referring the issues made by the pleadings to a commissioner or master to take the testimony and report findings. Counsel for respondent formally objected to an order of reference, stating that his particular reason is that he believes it beyond the power of the court to make the order asked for. The libelant taking notice that the calendar of the court, both in this division and in the divisions of the other District Judges, are heavily congested, and that in the ordinary course a trial before the judge cannot be had within at least a year from this date, urges especially that certain witnesses, seagoing

men, are about to depart from the district, and that there are no funds to pay the costs of taking depositions. He does state, however, that funds could be supplied to pay the costs and fees before a commissioner. Further reason is given that the receiver libellant is desirous of closing his receivership and that this libel suit is the only pending matter which interferes. Admiralty Rule 46 (28 USCA § 723), provides that "In all trials in admiralty the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute, or agreement of parties." Admiralty Rule 43 (28 USCA § 723), provides that "in cases where the court shall deem it expedient or necessary for the purposes of justice, it may refer any matters arising in the progress of the suit to one or two commissioners or assessors, to be appointed by the court, to hear the parties and make a report therein. And such commissioners or assessors shall have and possess all the powers in the premises which are usually given to or exercised by masters in chancery in references to them, including the power to administer oaths to and examine the parties and witnesses touching the premises." These rules parallel closely in their requirements the rules governing equity practice. Equity Rule 46 (28 USCA § 723) provides in part "In all trials in equity the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or these rules. * * *" Equity Rule 59 (28 USCA § 723) contains this provision "Save in matters of account, a reference to a master shall be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it. * * *"

Judge Hough, in the Second Circuit, in the Matter of The Spica (C. C. A.) 289 F. 436, 439, states: "Doubtless, although not specifically so authorized by rule or statute, an admiralty court may send to a commissioner or the like the ascertainment of any special set of facts; but the report is merely advisory, the power of final decision being in the tribunal to which the report is made. * * * But no party has a right to a reference; the court is empowered to try each and every part of every case, if so minded. * * * And since equity and admiralty derive their respective methods from a common source, it is as true in admiralty as in equity that: 'It is not * * * competent for the court to refer the entire decision of a case to (a master or commissioner) without the consent of the parties. It cannot, of its own motion, or upon the request of one party, abdicate its duty to determine by its own judg-

ment the controversy presented.' Kimberly v. Arms, 129 U. S. 512, 524, 9 S. Ct. 355, 359 (32 L. Ed. 764); Garinger v. Palmer, 61 C. C. A. 436, 126 F. 906. The commissioner in this case could only have proceeded to try the whole case by consent. * * *" See, also, Benedict on Admiralty, vol. 1 (5th Ed.) § 176.

The practice ordinarily in admiralty is to refer only that branch of the case which presents questions of accounting or ascertainment of the amount of damages. So it is in equity. However, it has been recognized that a court, where unusual conditions are present, may in equity refer the taking of testimony on all issues involved to a special master. Such an instance was presented in this court in a patent case, one party desiring an early trial and the other party objecting to the reference. The condition of the court's calendar was such that a trial could not be had for many months, and it reasonably appeared that the party desiring an early hearing might suffer a large amount of damages in the event the case was not speedily disposed of. I made the order of reference in that case, and the objecting party took the matter to the Supreme Court of the United States on petition for a writ of mandate to set aside the order of reference. The Supreme Court, by Chief Justice Taft, justified the action as not amounting to an abuse of discretion in the particular circumstances shown. The case is Los Angeles Brush Manufacturing Corporation v. James, 272 U. S. 701, 47 S. Ct. 286, 289, 71 L. Ed. 481, from which I quote the following:

"Of course courts must exercise a discretion in reference to the order of business to be conducted before them, and all the cases cannot be heard at once. It is in the interest of economy of time that there should be hearings, first in one class of cases, and then in another, provided each class may be given an opportunity within a reasonable time. Arguments based on humanity and necessity for the preservation of public order require that criminal cases should be given a reasonable preference, but even this must be conceded with moderation, and what time there is of the court in view of the whole docket must be equitably distributed. The reason given in the order for referring these cases to a special master is that there is congestion in the court's calendar and that there are many other cases entitled to be heard first, including a large number of criminal causes which should be preferred over civil causes as to the trial thereof, that other civil litigation has

not been accorded a fair proportion of the time of the court, and that the condition will continue unless many of the patent cases, including this cause, be disposed of by such a reference.

"In view of the recitals of the order, we are not inclined to infer that there has been any deliberate abuse of discretion in this matter or to hold that there may not sometimes be such congestion in the docket as to criminal cases as would justify a District Judge in not literally complying with the requirements of the two rules in question. There has been an emergency due to a lack of judges in some districts which we cannot ignore. We shall therefore deny leave to file this petition, but are content to state our views on the general subject, with confidence that the District Judges will be advised how important we think these two rules are, and that we intend, so far as lies in our power, to make them reasonably effective for the purpose had in view in their adoption."

In my view of the matter, the observations of the Supreme Court as made in the case last cited are equally applicable to suits in admiralty. It is to be noted that the court cautions the trial judges that a reference should be made only where there are most unusual conditions present. I am not able to conclude that the order should be made in this case. Counsel for respondent expressed in open court a willingness to have depositions taken, and in that regard the libelant answers only that there are no funds with which to pay the costs of taking depositions. It is stated, however, that funds may be obtained with which to pay the costs of proceedings before a master. In my view of the matter, the expense involved in a master's or commissioner's hearing will at least equal, if not exceed, the costs of taking depositions. The commissioner or master will be entitled to a per diem, usually of $50; a reporter must be employed and a transcript of the testimony must be taken and returned to the court.

The second matter as to the necessity to close the receivership of Linde has weight. However, if the depositions of the parties who intend to leave the district are taken, and a motion thereafter to set the cause is presented to the court, I shall endeavor to find a place to hear the remaining testimony at some date not far in the future, even though the result is to displace some case already set for trial, as to which there is not the same necessity for early hearing.

The motion to refer the case to a commissioner is denied.