UNITED STATES et al. v. KIRK-
PATRICK et al.

No. 10291.

United States Court of Appeals
Third Circuit.

Argued Nov. 16, 1950.

Reargued Dec. 18, 1950.

Decided Jan. 10, 1951.

394

Thomas E. Byrne, Jr., Philadelphia, Pa. (Mark D. Alspach and Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for Sudden & Christenson, Inc.

Leavenworth Colby, Sp. Asst. to Atty. Gen. (H. G. Morison, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for the United States.

James L. Baxter, Philadelphia, Pa., for Hon. Wm. H. Kirkpatrick.

Abraham E. Freedman, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), amicus curiae.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

In this proceeding the United States of America and Sudden & Christenson, Inc. seek writs of mandamus and prohibition to be directed to the chief judge and judges of the United States District Court for the Eastern District of Pennsylvania and to a commissioner appointed by them. From the petition and answer the following facts appear.

In 1949 Samuel Spivak, a seaman, instituted a suit in admiralty for salvage against the petitioners in personam in the United States District Court for the Eastern District of Pennsylvania. The suit was brought without prepayment of costs pursuant to 28 U.S.C.A. § 1916 and is presently pending awaiting trial.

It appears that there are a large number of admiralty cases on the docket of the district court awaiting trial. Many of these have been at issue more than one year and some of them as many as three years, the total number representing about one-fourth of all the cases awaiting trial in the district court. In an effort to relieve this congested condition of the court's docket the chief judge of the court held a series of conferences with several groups of proctors engaged in admiralty practice before it. At these conferences the chief judge made it clear that unless some satisfactory means were agreed upon for the prompt disposition of admiralty cases other than by the regular process of listing and trial, it would be necessary to appoint commissioners with advisory powers to assist the court in disposing of those cases. No other acceptable plan having been suggested as a result of these conferences the district court on June 29, 1950, without any formal motion or notice, entered an order in the Spivak case referring the cause "to John V. Lovitt, Esquire, Commissioner to forthwith hear the testimony offered by the parties hereto and to submit to the Court an advisory report as to his conclusions on the issues of law and fact involved." A peti-

tion by the present petitioners for reconsideration of this order was denied by the district court. The petitioners then filed in this court the petition for writs of mandamus and prohibition which is now before us and by which they seek to have the order of reference in the Spivak case vacated by the district court and the commissioner prohibited from acting as such therein.

It further appears that the reference of the Spivak suit to a commissioner which is here involved was made pursuant to a plan under which the district court contemplates references of pending admiralty cases to a limited number of commissioners known to the judges for their integrity and ability who will accept such references as being in aid of the court and who are willing to be compensated on an over-all basis covering cases in which awards are made and those in which there are no awards. It will thus be seen that the reference of the Spivak case to a commissioner was made solely pursuant to a plan for the trial of admiralty cases generally by commissioners in order to relieve the congested docket of the court and not because anything in the Spivak case itself rendered it so exceptional as to justify its reference without regard to the other cases pending in the district.

We are fully aware that there is a serious congestion of cases awaiting trial in the district court. We are also aware that this condition is not confined to the admiralty docket but involves the civil actions pending in the court as well. We commend the district court for seeking by positive action to meet the situation. But we find ourselves unable to agree that it is within the power of that court to dispose of its pending admiralty cases by referring them generally to commissioners for hearing in the manner proposed in the Spivak case.

It will be observed that the reference to the commissioner in the Spivak case was for an "advisory report" only. The court evidently did not intend that the commissioner should himself decide the issues in the case or make definitive findings of fact and conclusions of law thereon. This is

understandable in view of the decision of the Supreme Court in Kimberly v. Arms, 1889, 129 U.S. 512, 524, 9 S.Ct. 355, 359, 32 L.Ed. 764, that it is not within the general province of a master or commissioner to pass upon all the issues in a case "nor is it competent for the court to refer the entire decision of a case to him, without the consent of the parties. It cannot, of its own motion, or upon the request of one party, abdicate its duty to determine by its own judgment the controversy · presented, and devolve that duty upon any of its officers."

Prior to September 1, 1932, when Admiralty Rule 43½ and Equity Rule 61½, 28 U.S.C.A. came into force, it was within the power of a district court under appropriate circumstances to make a reference to a commissioner or master for a report in an admiralty or equity case which would be merely advisory to the court and which it might "accept and act upon, or disregard in whole or in part, according to its own judgment as to the weight of the evidence." Kimberly v. Arms, supra, 129 U.S. at page 523, 9 S.Ct. at page 359, 32 L.Ed. 764. And this included the power, under appropriate circumstances, to refer all the issues in an admiralty case to a commissioner for such an advisory report. The P.R.R. No. 35, 2 Cir., 1931, 48 F.2d 122, certiorari denied Pennsylvania R. Co. v. Shamrock Towing Co., 284 U.S. 636, 52 S.Ct. 19, 76 L.Ed. 541. Indeed in the case just cited, 48 F.2d at page 124, Judge Learned Hand distinguished and avoided on this very ground the rule laid down in Kimberly v. Arms against making a general reference of the merits of a case to a master or commissioner.

In making the order of reference here under attack the district court relied upon The P.R.R. No. 35, supra. In that case the Court of Appeals for the Second Circuit had before it a situation substantially similar to the one which is now before us. The case involved a reference by the United States District Court for the Southern District of New York of all the issues in an admiralty cause to a commissioner with directions to file an advisory report. The reference was in pursuance of a plan to reduce the serious congestion in the admiralty docket of the court by making such references in a group of pending admiralty cases. The court of appeals held that Admiralty Rules 43 and 46 permitted such a reference under the circumstances. The effect of those rules will be discussed later. We think, however, that the adoption by the Supreme Court of Admiralty Rule 43½ on May 31, 1932, 286 U.S. 572, a little more than a year after the decision in The P.R.R. No. 35, eliminated the basis for the decision in that case and that it is, therefore, no longer authority for the practice which it approved. Admiralty Rule 43½ is as follows:

"Rule 43½. Report of commissioners— presumption as to correctness—review

"In all references to commissioners or assessors, by consent or otherwise, whether the reference be of all issues of law and fact, or only particular issues either of law or fact or both, the report of the commissioners or assessors shall be treated as presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed. Provided, That when a case or any issue is referred by consent and the intention is plainly expressed in the consent order that the submission is to the commissioners or assessors as arbitrators, the court may review the same only in accordance with the principles governing a review of an award and decision by an arbitrator."

It will be observed that Admiralty Rule 43½ provides that in *all references* to commissioners the commissioner's report shall be treated as presumptively correct and may be modified or rejected by the district court on review only when that court "is fully satisfied that error has been committed". It is thus plain that Admiralty Rule 43½, and Equity Rule 61½ which was adopted at the same time and was in similar terms, abolished the practice of making references to commissioners and masters for purely advisory reports. The rules thus eliminated the distinction refer-

red to in Kimberly v. Arms, supra, between a consent reference in which the commissioner or master decided the case, subject to review only for clear error, and a compulsory reference in which the commissioner's or master's report was advisory only. Roosevelt v. Missouri State Life Ins. Co., 8 Cir. 1934, 70 F.2d 939, 944, 945; The Mauretania, 2 Cir. 1935, 80 F.2d 225, 229. One would expect, therefore, that after the rules had abolished advisory references, the compulsory reference of cases, as distinguished from reference by consent, would be permissible only in the most exceptional circumstances. This, as we shall see, is the case.

■ Ever since September 1, 1932, the effective date of Admiralty Rule 43½, in every reference in admiralty without exceptions the commissioner is required to pass upon the merits of the issues referred to him and to make definitive findings and conclusions thereon, the findings of fact so made being subject to modification and rejection by the district court only if it is fully satisfied that error has been committed. It is settled that the criterion under Admiralty Rule 43½ is the same as that now laid down in civil cases by Civil Procedure Rule 53(e) (2), 28 U.S.C.A., the successor of Equity Rule 61½, namely, that "the court shall accept the master's findings of fact unless clearly erroneous." Todd Erie Basin Dry Docks v. The Penelopi, 2 Cir. 1945, 148 F.2d 884, 886; Pioneer Import Corporation v. The Lafcomo, 2 Cir. 1947, 159 F.2d 654, 656, certiorari denied Black Diamond Lines v. Pioneer Import Co., 331 U.S. 821, 67 S.Ct. 1310, 91 L.Ed. 1838; Ozanic v. United States, 2 Cir. 1948, 165 F.2d 738, 742; Zeller Marine Corporation v. Nessa Corporation, 2 Cir. 1948, 166 F.2d 32. The effect of Admiralty Rule 43½, therefore, is that in the ordinary case a finding of fact by a commissioner based upon conflicting testimony and a determination of the credibility of the witnesses before him is final in the sense that the district court on review may not substitute its judgment as to the weight of the evidence or the credibility of the witnesses for that of the commissioner. The order of the district court in the Spivak case

referring the cause generally to a commissioner for an advisory report was, therefore, in conflict with Admiralty Rule 43½ and accordingly was beyond its power.

■ Moreover we think that the order made in the Spivak case would be equally beyond the power of the district court if it were construed to be a reference to a commissioner with directions to consider all the issues in the case and report definitive findings and conclusions with respect thereto in strict accord with Admiralty Rule 43½. This would amount to an abdication by the court of its duty to determine by the exercise of its own judgment the issues in the case, including the important and frequently decisive question of credibility, a duty which it was held in Kimberly v. Arms, supra, a court may not so delegate without the consent of all the parties. We are not prepared to say that the rule of Kimberly v. Arms applies universally so that a compulsory reference of all the issues in an admiralty suit to a commissioner may not be made even if exceptional conditions in the suit itself require it. It may be that Admiralty Rule 43 authorizes this even though the rule speaks only of "matters arising in the progress of the suit". Whether this should be construed to include all the issues in a suit we are not here called upon to decide.

■ What we do hold is that the district court is not empowered to make a general compulsory reference of all the issues in a group of admiralty cases, as the court is here doing, merely to relieve a congested docket and not because the cases themselves present exceptional circumstances which make reference of them necessary for the purposes of justice. For to do this would be to impose upon a group of litigants against their will the expense and delay of unnecessary reference. It would deny them the right to have their cases tried by the judges commissioned under the Constitution to try them with the result that other litigants in the court would receive preferred attention on the judges' trial list. Moreover to make such a wholesale reference of admiralty cases would be in effect to set up commissioners'

courts for the trial of admiralty cases which although technically subordinate to the district court would, under Admiralty Rule 43½, have greater power than the district court itself. For in the case of an admiralty suit tried by the district court the parties are entitled on appeal to a trial de novo, The John Twohy, 1921, 255 U.S. 77, 79, 41 S.Ct. 251, 65 L.Ed. 511, in which, of course, the court of appeals is not limited in its consideration of the district court's findings of fact by the "clearly erroneous" rule, whereas in the case of a trial before a commissioner under Rule 43½ the district court on exceptions to his report is limited to the consideration of errors of law and clearly erroneous findings of fact.

■ We think it is clear that the Supreme Court did not intend by the Admiralty Rules to permit any such wholesale reference of admiralty cases to commissioners. The pertinent rules are Admiralty Rules 43 and 46. Rule 46 provides: "In all trials in admiralty the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute, or agreement of parties. * * *"

This means that trials in admiralty must be held in open court and not before commissioners unless the parties agree to a reference or a reference is authorized by a statute. See Los Angeles Brush Corp. v. James, 1927, 272 U.S. 701, 707, 47 S.Ct. 286, 71 L.Ed. 481. The Admiralty Rules are in this sense the equivalent of a statute. See The P.R.R. No. 35, 2 Cir. 1931, 48 F.2d 122, 123. The allusion must, therefore, be to Admiralty Rule 43, the other pertinent rule. Turning to that rule we find that it provides: "In cases where the court shall deem it expedient or necessary for the purposes of justice, it may refer any matters arising in the progress of the suit to one or two commissioners or assessors, to be appointed by the court, to hear the parties and make a report therein. * * *"

■ Admiralty Rule 43 thus authorizes references to commissioners "where the court shall deem it expedient or necessary for the purposes of justice". It is true that this language is not identical with that of Equity Rule 59 or its successor Civil Procedure Rule 53(b), which is as follows: "(b) A reference to a master shall be the exception and not the rule. In * * * actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

We think, however, that the rules are in pari materia in this respect and the "purposes of justice" which are mentioned in Admiralty Rule 43 accordingly must relate to the particular admiralty suit sought to be referred. Reference of a case for the purpose of liquidating damages after a decision on the merits has long been regarded as furthering the purposes of justice in the admiralty and may be made as of course. In other situations, however, in admiralty as well as in civil actions tried without a jury, a reference is to be the exception and not the rule and is to be made only upon a showing that some exceptional condition in the case requires it. The Supreme Court has made this very clear by specifically rejecting in the case of McCullough v. Cosgrave, 1940, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992, the unavailability of trial judges and the congestion of the court's docket as an adequate basis for the reference of cases pending for trial on that docket.

In McCullough v. Cosgrave the Supreme Court issued a writ of mandamus to the United States District Court for the Southern District of California directing that court to vacate an order referring a case pending before it to a master for trial. The facts do not appear in the brief opinion of the Supreme Court but the petition filed in that court set out the order of reference made by the district court which contained the following recital: "These consolidated cases having been set to be tried before the Court on January 2, 1940, and the Judge before whom the cause was to be tried having been unable to try the same because of his physical condition, and all parties having expressed the desire for an early trial and the Court having given counsel an opportunity to endeavor to se-

cure another judge to conduct the trial; and it appearing that these cases have been pending a long time and are patent suits seeking an injunction and require a protracted trial of complicated issues; and the calendar of this Court being congested and no other judge being available to try the same within a reasonable time, the Court finds an exceptional condition exists which requires and warrants a reference to a master."

It will thus be seen that substantially the same factors which led to the action of the district court in the case now before us, namely, the long delay in reaching cases for trial, the congestion of the court's docket and the unavailability of sufficient judges to keep the trial list current, were involved in the McCullough case but were not regarded by the Supreme Court as sufficient to empower the district court to make a reference in that case. The Supreme Court in McCullough v. Cosgrave cited its previous opinion in Los Angeles Brush Corp. v. James, 1927, 272 U.S. 701, at page 707, 47 S.Ct. 286, 288, 71 L.Ed. 481, in which, in discussing the analogous equity rules, it said: "The court, after much consideration, concluded that the then method of taking evidence in patent and other causes in equity had been productive of unnecessary expense and burden to the litigants and caused much delay in their disposition, and that the effective way to avoid the making of extended records, unnecessary to a consideration of the real issues of the causes, was to require, so far as it might be possible and practicable, that the evidence taken in patent and other cases should be taken in open court, and that in only exceptional cases should the cause be referred after issue to a special master. Though there has been some criticism and complaint of the inconveniences that arise from this change of the rules, the court is strongly convinced that the change has justified itself and it has no purpose to amend the provisions of rule 46 and rule 59."

We are in full agreement with the cogent statement of the considerations of public policy involved which was made by Judge Evans in the case of Adventures in Good Eating v. Best Places to Eat, 7 Cir. 1942, 131 F.2d 809, 815, as follows: "Litigants are entitled to a trial by the court, in every suit, save where exceptional circumstances are shown. It is a matter of common knowledge that references greatly increase the cost of litigation and delay and postpone the end of litigation. References are expensive and time-consuming. The delay in some instances is unbelievably long. Likewise, the increase in cost is heavy. For nearly a century, litigants and members of the bar have been crying against this avoidable burden of costs and this inexcusable delay. Likewise, the litigants prefer, and are entitled to, the decision of the judge of the court before whom the suit is brought. Greater confidence in the outcome of the contest and more respect for the judgment of the court arise when the trial is by the judge."

We conclude that it was beyond the power of the district court to make an order of reference to a commissioner in the Spivak case and that the petitioners are accordingly entitled to the writs of prohibition and mandamus as prayed for. We assume, of course, that the district court will promptly vacate the order in question and that the commissioner will act no further thereunder so that it will be unnecessary actually to issue the writs prayed for. They will accordingly not issue at this time.

We desire to add that we think there may be other remedies for the situation which confronts the district court. The full use of the pre-trial procedure authorized by Admiralty Rule 44½ might prove most helpful. Its use in a similar situation in the District of Columbia afforded very substantial relief. See Laws, Pre-trial Procedure, 1940, 1 F.R.D. 397; Pre-trial in Practice, 3 Fed.Rules Serv., Com. 16.1. The assignment of a judge exclusively to the admiralty docket for a sufficient period of time to conduct pre-trial conferences in the cases pending on the admiralty docket and to try a substantial number of those cases might also prove most salutary. To assist in this regard the

chief judge of the circuit has assigned one of the circuit judges to sit in the district court for a period of months. If all other remedies prove unavailing the facts can be laid before the Congress with a view to securing an increase in the number of district judges authorized for the district. Such increases have been authorized in the past when needed, two additional judges having been but recently appointed pursuant to the Act of August 3, 1949, 63 Stat. 493, 28 U.S.C.A. §§ 44, 133, 134. It is not to be assumed that Congress will be unresponsive if the caseload in the district court continues in such volume that litigants' cases cannot be disposed of promptly by the district judges presently in commission.