**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Orlando P. COLAMATTEO, Defendant-Appellee.**

**No. 13661.**

United States Court of Appeals
Seventh Circuit.

Jan. 14, 1963.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellant.

Anna R. Lavin, Nathin M. Cohen, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Defendant, Orlando P. Colamatteo, was indicted on April 12, 1961, on charges of attempting to evade and defeat part of the income tax due from his wife and himself for the year 1954. The indictment charged that the joint net income of defendant and his wife was $65,695.17, and that the tax owed thereon was $27,367.02.

Defendant moved to dismiss this indictment on the ground that if the government could prove receipt of the income allegedly unreported, such income could not be the predicate for a successful prosecution. The government indicated in its answer to defendant's motion for a bill of particulars that the amount of deficiency charged in the indictment was $45,000 rather than $39,999.91 as set forth in the defendant's motion for a bill of particulars; and that the $45,000 deficiency was the amount of money which the government alleged that the defendant in the indictment received from one Ervin J. Drije. Defendant contended that if the government proved that this sum was received from Mr. Drije, then the cause would fall within the scope of James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L. Ed.2d 246 (1961), wherein the U. S. Supreme Court overruled Commissioner of I. R. v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (1946). The U. S.

Supreme Court held that embezzled money is taxable income of the embezzler in the year of the embezzlement. However, the Supreme Court, in James, was dealing with one who embezzled sums of money during the years 1951 through 1954, after the decision in Wilcox. The Supreme Court decided that the element of willfulness could not be proven in a criminal prosecution for failing to include embezzled funds in gross income in the year of misappropriation so long as the statute contained the gloss placed upon it by Wilcox at the time the alleged crime was committed. Defendant asserts that his alleged acquisition of unreported income occurred after the Wilcox and before the James decision.

Defendant's motion was based on an amended complaint filed in the Circuit Court of Cook County, Illinois, Case No. 55C–10049, Ervin J. Drije v. Harry Cregar, Oak Park Safe Deposit Company, and Orlando P. Colamatteo, also known as Joe Lonny. The Circuit Court complaint alleged that: Mr. Drije retained defendant herein, an accountant, to arrange a civil settlement of his own and his company's tax affairs, which were believed to be under investigation by the United States Department of Justice, Internal Revenue Bureau; defendant represented to Mr. Drije that $10,000 would be needed for investigation expense, plus $40,000 which would be used for the purpose of settling the civil obligations, "as well as for paying all the accounting and legal fees in connection with said settlement; that it was further represented that in the event that an indictment would be returned against plaintiff [Mr. Drije] or the Drije Motor Sales Company, a corporation, then the said sum of $40,000 would be returned * * *;" an accounting would be given of all expenses incurred and paid and any balance remaining of the $10,000 deposited for investigative expense would be returned; the $40,000 would be placed in a safety deposit box in the Oak Park Safe Deposit Company; an indictment was in fact returned and a demand made for

refund of the $40,000 and an accounting for the $10,000, neither of which was forthcoming. The complaint alleged further that the $40,000 was fraudulently converted to their own use by Harry Cregar and Orlando P. Colamatteo.

The motion to dismiss the indictment against defendant was also supported by a purported excerpt from the report of a Master in Chancery in the State Court case, to the effect that a fiduciary relationship existed between Mr. Drije and Messrs. Cregar and Colamatteo, who were trustees of the $40,000 which they fraudulently converted to their own use; that $10,000 was given for investigative, accounting and legal expense, etc.; and that Mr. Drije was entitled to an accounting with respect to that fund.

Defendant contended that the allegedly unreported income consisted of the same $40,000 which in the Circuit Court was alleged to have been embezzled; that if the funds were proved to have been received by defendant they would constitute embezzled funds and not taxable income under the doctrine of the James case.

The District Court found that it had been alleged and determined, at the close of Mr. Drije's evidence in the suit brought by him, that defendant had fraudulently converted to his own use substantially all of the money constituting the alleged deficiency; that no other sources of the alleged deficiency would be proved by the government during trial. The indictment was dismissed, and the government brought this appeal pursuant to the Criminal Appeals Act, Title 18 U.S.Code § 3731.

The government's argument is summed up as follows:

1. The court below did not find that the monies received by the defendant were the result of an embezzlement. In the absence of such a finding, the doctrine of James v. U. S., 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246, does not apply.

2. Determination of embezzlement must be upon judicial determination after trial. No such determination has been made, nor any such judicial finding, nor any trial had in this cause.

3. The instant indictment is valid upon its face and is not impaired by the government's bill of particulars, and is not subject to dismissal upon the self-serving assertions of defendant and advisory conclusions of a master in chancery that the sums received by the defendant were embezzled funds.

4. Under Illinois law on the facts in the instant record, the defendant could have been guilty of several other crimes, such as: confidence game, larceny by bailee, false pretenses; and if guilty of these crimes, the doctrine of the James decision would not apply.

5. In any event there remains the sum of $5000.00,* which on the facts of the case and under Illinois law does not constitute embezzled funds.

Assuming without so finding, that the $40,000 secured from Mr. Drije was embezzled, there would still remain the $5,000 allegedly received according to the government's answer to the motion for bill of particulars. The government submits that this could be part of the $10,000 in which defendant had an interest subject only to the accounting to which the Master in Chancery presumably found Mr. Drije was entitled.

In United States v. Achilli, 7 Cir., 1956, 234 F.2d 797, 807, this Court held that one having a property interest in funds in his possession is not guilty of

---

* The difference between the $45,000 allegedly unreported income set forth in the government's answer to the motion for bill of particulars and the $40,000 which defendant claims to be embezzled funds.

embezzlement if he wrongfully appropriates the whole fund to his own use. Defendant contends (inter alia) that an accounting would be appropriate only when directed to "trust funds" with the implication that the funds could not have been defendant's own. This does not preclude defendant's having an interest in a part of the fund.

It appears to us that the dismissal of the indictment was premature with respect to this issue. Such dismissal without trial is based on facts and assumptions outside the indictment and the bill of particulars.

In view of our holding on this facet of the case, it is not necessary to discuss the other contentions of the parties. The order dismissing this cause is vacated, and the matter is remanded for trial upon the indictment.

Reversed and Remanded.