UNITED STATES of America, Petitioner,

v.

The Honorable Michael L. IGOE, United States District Judge of the United States District Court for the Northern District of Illinois, Respondent.

UNITED STATES of America, Plaintiff-Appellant,

v.

Orlando P. COLAMATTEO, Defendant-Appellee.

Nos. 14412 Original, 14377.

United States Court of Appeals Seventh Circuit.

May 7, 1964.

Edward V. Hanrahan, U. S. Atty., John Powers Crowley, and Frank E. McDonald, Asst. U. S. Attys., John Peter Lulinski, Asst. U. S. Atty., of counsel, for petitioner.

Anna R. Lavin, Chicago, Ill., for respondent.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

This appeal and this petition for mandamus arise out of the following circumstances. Orlando P. Colamatteo was indicted on a charge of violating Title 26 U.S.C. § 7201, evasion of income tax. On appeal, this Court reversed dismissal of that indictment and remanded the cause to the District Court for trial. United States v. Colamatteo, 7 Cir., 1963, 312 F.2d 154.

The case was set for trial on June 17, 1963. The government indicated that it would not consent to defendant's waiver of trial by jury, and the District Judge set the case for trial on September 10, 1963. Numerous subpoenas previously issued were continued in force and effect. The case was held on the trial call on September 10 and 11, 1963, and was called for trial September 12, 1963.

The defendant, at that time, signed a waiver of his right to trial by jury. Although the government clearly indicated its refusal to consent to such waiver, the District Judge approved the waiver and set the cause for trial the same day at 2:00 P.M., at which time the government declined to proceed to trial with its witnesses unless a jury were empaneled. The District Court dismissed the cause "for want of prosecution."

It is clear that the cause was dismissed because the government withheld its consent to waiver of trial by jury.

The government appealed the District Court's decision, but has also prayed that, if appellate jurisdiction is wanting to review the dismissal of the case, this Court issue its writ of mandamus directing that the dismissal order of September 12, 1963, be vacated and this cause proceed to trial on the indictment.

▮▮ Rule 23 of the Federal Rules of Criminal Procedure provides:

"(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

768

The Rules, promulgated by the Supreme Court of the United States, have the force and effect of law and are binding on District Judges conducting criminal trials in the United States District Courts. United States v. Hvass, 1958, 355 U.S. 570, 575, 78 S.Ct. 501, 2 L.Ed.2d 496. This Court has authority to issue its writ to ensure the proper application of those rules and in aid of its appellate jurisdiction. Howes Leather Co. v. La Buy, 7 Cir., 1955, 226 F.2d 703, 708, affd. sub nom. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); United States v. Smith, 331 U.S. 469, 477, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947); Ex parte United States, 287 U.S. 241, 246, 53 S.Ct. 129, 77 L.Ed. 283 (1932); Los Angeles Brush Corp. v. James, 272 U.S. 701, 707, 47 S.Ct. 286, 71 L.Ed. 481 (1927).

■ Rule 23 is clear and unambiguous. For defendant effectively to waive his Constitutional right to trial by jury, he must secure both the approval of the Court and the consent of the government. Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263 (1930); Dixon v. United States, 110 U.S.App.D.C. 305, 1961, 292 F.2d 768, 769.

■ Respondent argues that the reasoning in Patton demonstrates that the primary object of the Rule later promulgated to reflect existing practice, and based on Patton, as indicated by the revisor's notes, is to protect the defendant; that the defendant here, an educated man, who has made a reasoned and intelligent waiver, needs no protection. Thus respondent contends that the interpretation of the Rule here sought by the government would be inconsistent with Patton and would give the government a substantive right to trial by jury through a mere procedural rule. In effect, respondent is saying that the defendant has an absolute right to waive trial by jury. The Constitutional right to trial by jury does not give rise to a correlative right to trial without jury. See C. I. T. Corp. v. United States, 9 Cir., 1945, 150 F.2d 85, 92, where an equally well reasoned and intelligent waiver of trial by jury was sought by the defendant, and cases there cited.

■ It is also contended by respondent that grant of the government's prayer will expose the defendant, Orlando P. Colamatteo, to double jeopardy. We disagree. No jury had been empaneled, no evidence had been heard, the trial had not begun when the cause was dismissed. Hunter v. Wade, 10 Cir., 1948, 169 F.2d 973, 975, affd. 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974.

■ Respondent also argues that delay in filing this petition for writ of mandamus should bar the relief sought under the doctrine of laches. We have considered the cases on which respondent relies: United States ex rel. Arant v. Lane (1919), 249 U.S. 367, 39 S.Ct. 293, 63 L. Ed. 650; In re United Shoe Machinery Corp., 1 Cir., 1960, 276 F.2d 77, and find both involve a much longer lapse of time than in the case before us, with no adequate justification for the delay in either instance.

Here notice of appeal was filed promptly and record of an appeal docketed in apt time. The petition for writ of mandamus was filed with the government's brief on appeal. As in United States v. Lane, 9 Cir., 1960, 284 F.2d 935, 939:

"The government, being justifiably uncertain whether appeal or mandamus was the proper remedy, decided to follow both courses concurrently."

Defendant, Orlando P. Colamatteo, has filed a motion to dismiss the appeal as not within the bases for jurisdiction in this Court, set out in Title 18 U.S.C. § 3731:

"An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court

of the United States is provided by this section.

"From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this section."

The government contends that the District Court in effect did dismiss the indictment and did so by sustaining what amounted to a plea in abatement. Relying on United States v. Brodson, 7 Cir., 1956, 234 F.2d 97, the government asserts that a plea in abatement may be reviewed in this Court.

It is true that in Brodson, this Court did hold that the particular plea which resulted in dismissal of the indictment was a plea in abatement, as distinguished from a plea in bar. It was concluded that direct appeal to the Supreme Court which would be required by a successful plea in bar, was not necessitated by a plea in abatement, and that this Court did have jurisdiction. Defendant invites our attention, however, to the fact that there was no motion to dismiss the appeal in Brodson.

On due reflection, we find ourselves unable to accept the line of reasoning on which the government's contention is based. The defendant's motion to dismiss the appeal will be allowed, and the appeal is hereby dismissed.

With respect to the issuance of a writ of mandamus, on the other hand, we have considered all arguments advanced in opposition to it and find them unconvincing. We believe that the writ must be granted here. The District Court is directed to reinstate this case and to set it for trial.

Appeal dismissed. Writ of mandamus issued.

SCHNACKENBERG, Circuit Judge, (concurring).

I concur in Judge KNOCH's opinion.

In answer to a contention of defendant that neither by appeal or mandamus can the government secure a review by this court of the dismissal of the instant case for want of prosecution, I wish to add that this question is to be determined not by its form, but by its substance. United States v. Thompson, 251 U.S. 407, 412, 40 S.Ct. 289, 64 L.Ed. 333 (1920). The record before us shows clearly that the real and only ground for dismissal of the case for want of prosecution was the government's refusal to sign the jury waiver.