

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 19, 1975

The Honorable Henry Wade
District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H- 609

Re: Whether Domestic Relations
Judges may use salaried employees
hired by the commissioners court
for appointment as masters in
chancery?

Dear Mr. Wade:

You advise that because of extreme congestion existing in the
domestic relations courts of Dallas County, the Dallas County Commissioners
Court has been asked to authorize and fund a full-time, salaried employee for
each domestic relations court to be "available " for appointment by that court
as a master in chancery under Rule 171 of the Texas Rules of Civil Procedure.
A proposed Commissioners Court order which would do so has been supplied
us. It provides that the employee is to be designated a "Master" and be
under the employment and direction of the County Clerk. According to the
proposed order, his functions would include:

. . . acting as a fact-finder in:

a) uncontested divorces, including waivers, agreed
matters, defaults, and publications

b) temporary matters including injunctions, temporary
alimony, temporary child support, and temporary use
of properties

c) after-judgment matters, including contempt, visitation
matters, and modification matters.

You ask:

Under the facts stated, would it be proper for a Judge
of a Domestic Relations Court to use a salaried employee
hired by the Commissioners' Court for appointment as a
master in chancery in future cases to perform the functions
permitted by Rule 171, T. R. C. P. ?

p. 2696

The Texas Rules of Civil Procedure have been promulgated by the Texas Supreme Court pursuant to article 1731a, V. T. C. S.   They have the force of law.  Missouri Pacific Railroad Company v. Cross, 501 S. W. 2d 868 (Tex. Sup. 1973).

Rule 171 of the Texas Rules of Civil Procedure reads:

> The court may, in exceptional cases, for good cause appoint a master in chancery, who shall be a citizen of this State, and not an attorney for either party to the action, nor related to either party, who shall perform all of the duties required of him by the court, and shall be under orders of the court, and have such power as the master of chancery has in a court of equity.
>
> The order of reference to the master may specify or limit his powers, and may direct him to report only upon particular issues, or to do or perform particular acts, or to receive and report evidence only and may fix the time and place for beginning and closing the hearings, and for the filing of the master's report.  Subject to the limitations and specifications stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order.  He may require the production before him of evidence upon all matters embraced in the reference, including the production of books, papers, vouchers, documents and other writings applicable thereto. He may rule upon the admissibility of evidence, unless otherwise directed by the order of reference and has the authority to put witnesses on oath, and may, himself, examine them, and may call the parties to the action and examine them upon oath.  When a party so requests, the master shall make a record of the evidence offered and excluded in the same manner as provided for a court sitting in the trial of a case.
>
> The clerk of the court shall forthwith furnish the master with a copy of the order of reference.
>
> The parties may procure the attendance of witnesses before the master by the issuance and service of process as provided by law and these rules.

> The court may confirm, modify, correct, reject,
> reverse or recommit the report, after it is filed,
> as the court may deem proper and necessary in the
> particular circumstances of the case. <u>The court shall</u>
> <u>award reasonable compensation to such master to be taxed</u>
> <u>as costs of suit.</u> (Emphasis added).

Your letter advises:

> Although the salary of the employee assigned to a
> particular Domestic Relations Court would be paid in
> full by the County of Dallas, an appropriate order of
> reference to the master would be issued by the court
> for each case in which the service of a master is
> required. It is hoped by the Courts and Bar Association
> Members that extensive use of masters can be made to
> assist in the reduction of the large number of cases now
> pending on the dockets. Changes in provisions of the
> Family Code have greatly increased the work load of
> the Judges and Members of the Bar. The thousands of
> cases pending on the dockets have created a situation which
> almost denies access to the courts by litigants. More
> often than not, the health, welfare, and safety of children
> are directly involved and the delays caused by clogged
> dockets are sometimes detrimental.
>
> . . . . .
>
> As a practical matter, it would seem that the great
> need of the litigants, and their dependents, for speedy
> determinations compel the use of masters. <u>It is submitted</u>
> <u>that the pressing needs of the litigants are so great that</u>
> <u>every case falls within the requirements of the Rule as an</u>
> <u>"exceptional" one and that "good cause" for the appointment</u>
> <u>of a master exists.</u> (Emphasis added).

The appointment by a court of a qualified county employee to act in
some capacity as an officer of the court for the duration of a particular case
does not necessarily create dual employment problems or conflict of interest
problems. <u>See</u> Attorney General Letter Advisory 93 (1975). We need not
decide here whether the repeated appointment of a particular county employee
to serve as a master a chancery in every case coming before a domestic
relations court would encounter such problems. We do not reach those issues
because we believe Rule 171 requirements of "exceptional case" and "good

cause" prevent such a practice.  See Cregler v. Hyde, 280 S. W. 2d 783 (Tex. Civ. App. -- Waco 1955 writ ref., n. r. e.).

In Ex Parte Odom, 271 S. W. 2d 796 (Tex. Sup. 1954), the Texas Supreme Court noted that Texas Rule 171 was based in part on Rule 53 of the Federal Rules of Civil Procedure.  The United States Supreme Court has said that court congestion is not in itself such an exceptional circumstance as to warrant the reference of trial matters to a master under the federal rule.  La Buy v. Howes Leather Co., 352 U. S. 249 (1957).  Cf., L. A. Brush Corp. v. James, 272 U. S. 701 (1927).  For examples of cases which Texas appellate courts have indicated fall into the "exceptional case" category, see Housing Authority of City of Dallas v. Hubbell, 325 S. W. 2d 880 (Tex. Civ. App. -- Dallas 1959, writ ref., n. r. e.) and Strickland Transportation Co. v. Navajo Freight Lines, Inc., 387 S. W. 2d 720 (Tex. Civ. App. -- Dallas 1964, no writ).

Masters have been employed by courts in domestic relations matters. See Roberson v. Roberson, 420 S. W. 2d 495 (Tex. Civ. App. -- Houston [14th Dist.] 1967, writ ref., n. r. e.).  But when so employed, they are employed by the court which referred the matter to them and the award or refusal to them of fees to be taxed as costs is within the sound discretion of the referring court.  Roberson v. Roberson, supra.  Whether a master shall be appointed, and if so, who shall be appointed and what his duties shall be, and what compensation he shall receive therefor, are all matters within the discretion of the trial courts, as guided by Rule 171.  Huber v. Buder, 434 S. W. 2d 177 (Tex. Civ. App. -- Ft. Worth 1968, writ ref., n. r. e.).  The Commissioners Court order could not displace such authority.

In Cregler v. Hyde, supra, the trial court upon its own motion appointed a master in chancery to hear all issues and to file findings of fact thereon in a suit to set aside a trustee's deed for land.  The plaintiff objected and appealed.  The Court of Civil Appeals observed that a trial court is not authorized under Rule 171 to appoint a master in chancery in other than exceptional cases, and not then except for good cause.

We have no doubt that the situation which the proposed commissioners court order is designed to meet is one demanding a solution, but we do not believe Rule 171 can accomodate the plan proposed.  See Guittard, Court Reform Texas Style. 21 S. W. L. J. 451, 485 (1967); Attorney General Opinion V-846 (1949); Morrow v. Corbin, 62 S. W. 2d 641 (Tex. Sup. 1933).

## SUMMARY

Rule 171, Texas Rules of Civil Procedure, authorizes the appointment of a master in chancery by domestic relations courts but only in exceptional cases for good cause. Court congestion does not in itself make every case an exceptional case nor furnish good cause for such an appointment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb