**KRIVAN v. HOURICAN.**
**Civ. No. 11688.**

United States District Court,
W. D. Pennsylvania.
Jan. 7, 1954.

Howard W. Lyon and John S. Powers, New Castle, Pa., for plaintiff.

William A. Challener, Jr. (of Challener & Challener), Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This is an action for damages for the death of Thomas M. DeHass, alleged to have been caused by negligence of the defendant. The decedent's domicile was in Pennsylvania; his widow and children and the defendant are all citizens of that state. The plaintiff is a citizen of Ohio and has been duly appointed administrator of the estate. Diversity of citizenship is the sole basis for jurisdiction of this court.

The defendant has filed a motion to dismiss the complaint, attacking the court's jurisdiction, in which he contends

(a) The real parties in interest in this action are all citizens of Pennsylvania and the appointment of a citizen of Ohio as administrator was a collusive attempt to confer jurisdiction on this court in violation of Section 1339 of Title 28 U.S.C.A.; and

(b) The bringing of the action in this court is in violation of Rule 213(e) of the Pennsylvania Rules of Civil Procedure.

With regard to defendant's contention (a), that there is no diversity of citizenship between the real parties in interest and that the appointment of plaintiff was collusive, the same argument was made in Jaffe v. Philadelphia & W. R. Co., 3 Cir., 1950, 180 F.2d 1010, and there decided adversely to the defendant. On that authority we likewise decide against defendant here.

In considering contention (b), it is to be observed that the plaintiff administrator brought the action in this court under the Fiduciaries Act of 1949, 20 P.S.Pa. § 320.603. At the hearing both parties concurred in the following facts. Since filing the survival action here, the plaintiff issued a summons in the Court of Common Pleas of Lawrence County, Pennsylvania, as his counsel rep-

resents, for the sole purpose of tolling the statute of limitations applicable to survival actions in the event that this court should sustain the defendant's motion to dismiss the action filed here. And prior to both of these suits the widow of the decedent, for herself and on behalf of her minor children, brought an action against the defendant in Lawrence County under the Wrongful Death Acts, 12 P.S.Pa. §§ 1601–1604. The wrongful death action is awaiting trial.

Defendant relies on Pennsylvania Rule of Civil Procedure No. 213(e), 12 P.S. Appendix, which provides:

"A cause of action for the wrongful death of a decedent and a cause of action for his injuries which survives his death may be enforced in one action but if independent actions are commenced they shall be consolidated for trial.

"(1) If independent actions are commenced or are pending in the same court, the court, on its own motion or the motion of any party, shall order the actions consolidated for trial.

"(2) If independent actions are commenced in different courts, the court in which the second action was commenced, on its own motion or the motion of any party, shall order the action transferred to the court in which the first action was commenced.

"(3) If an action is commenced to enforce one cause of action, the court, on its own motion or the motion of any party, may stay the action until an action is commenced to enforce the other cause of action and is consolidated therewith or until the commencement of such second action is barred by the applicable statute of limitation."

This rule was promulgated by the Supreme Court of Pennsylvania following the decision in Pezzulli v. D'Ambrosia, 1942, 344 Pa. 643, 26 A.2d 659, 662, in which the court cautioned against the duplication of damages and required

consolidation "whenever two actions are brought by the personal representative of the deceased".

Hopkins v. Pennsylvania Power & Light Co., D.C.E.D.Pa.1953, 112 F.Supp. 136, was an action brought under the Survival Act, 20 P.S.Pa. Chapter 3 Appendix, §§ 771, 772, by an administratrix in the district court after suit under the Wrongful Death Act, 12 P.S.Pa. §§ 1602, 1603, had been instituted in the Court of Common Pleas of Lehigh County. The defendant filed a motion to dismiss the action in the district court on the ground that Pennsylvania Rule of Civil Procedure No. 213(e) required that the actions be consolidated for trial. The motion was dismissed on the theory that the rule is not binding upon federal courts.

In the instant case we have the further complication of two actions filed under the Survival Act. However, the pendency of an action in a state court is no bar to an action concerning the same matter in a federal court. The state and federal courts have concurrent jurisdiction over certain controversies which arise between citizens of different states. Each may proceed independently to determine the issues before it, and the first case to terminate in a judgment becomes res judicata as to the other. Therefore, the fact that the plaintiff has a similar suit pending in Lawrence County is not sufficient to distinguish this case from the Hopkins case. We agree with the decision of Judge Clary in the Hopkins case and adopt his analysis of the question.

At the hearing we suggested that in diversity cases a federal court is bound to enforce the public policy of the state in which it sits, and that to permit separate trials under the Wrongful Death and the Survival Acts would be in violation of the public policy enunciated by the Pennsylvania Supreme Court in its Rule No. 213(e). Upon further consideration, however, we are of the opinion that there is no public policy peculiar to Pennsylvania which dictates that death actions and survival actions must be consolidated for trial.

We think a federal court likewise would require consolidation if both actions were pending before it.[1] The public policy, as we now view it, is that every expedient available shall be taken by courts to avoid duplication of damages. The Supreme Court of Pennsylvania promulgated Rule 213(e) in order to facilitate enforcement of this policy in actions brought in the state court. The rule is not a part of the public policy of the state but rather a procedural limitation designed to promote the policy of helping to insure a defendant against overlapping damages. Where, as here, the actions cannot be consolidated without depriving the plaintiff administrator of a substantial and well-protected right to have his case tried in a federal court, we believe that the defendant will have to rely for protection in this regard on the instructions to the jury.

We have considered staying the proceedings in this court pending the determination of those in the state court but such action would seem to be akin to abandoning jurisdiction, and, therefore, not within the limits of our judicial discretion. In McClellan v. Carland, 1910, 217 U.S. 268, 281, 30 S.Ct. 501, 504, 54 L.Ed. 762, it was said:

"It cannot be denied that a circuit court of the United States, like other courts, had power to postpone the trial of cases for good reasons, but, by the orders made in this case, the Federal court withheld the further exercise of its authority until the state court, by its action in a case involving all the parties, might render a judgment which would be *res judicata,* and thus prevent further proceedings in the Federal court.

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the Federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case. In the present case, so far as the record before the circuit court of appeals discloses, the circuit court of the United States had acquired jurisdiction, the issues were made up, and when the state intervened, the Federal court practically turned the case over for determination to the state court. We think it had no authority to do this, and that the circuit court of appeals, upon the record before it, should have issued the writ of mandamus to require the judge of the circuit court of the United States to show cause why he did not proceed to hear and determine the case."

In Chicot County v. Sherwood, 1892, 148 U.S. 529, 534, 13 S.Ct. 695, 697, 37 L.Ed. 546, it was said, quoting from Hyde v. Stone, 20 How. 170, 175, 15 L. Ed. 874:

" * * * But the courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction."

In view of these decisions, it is clear that the pendency of the actions in the Court of Common Pleas of Lawrence County is not, of itself, a sufficient ground to warrant or permit a stay of proceedings in this court.

An appropriate order will be entered.

1. See Fed.Rules Civ.Proc. rule 42(a), 28 U.S.C.A.