**5655 ACRES OF LAND AND COAL IN INDIANA COUNTY, PENNSYLVANIA,**

and

**Josephine Furnace & Coke Company, Plaintiff,**

v.

**TEXAS EASTERN TRANSMISSION CORPORATION, Defendant, successor by merger of Texas-Eastern Penn-Jersey Transmission Corporation, Defendant.**

**Civ. A. No. 60–167.**

United States District Court
W. D. Pennsylvania.

Dec. 29, 1960.

Lee C. McCandless, Butler, Pa., for plaintiff.

M. Carton Dittmann, Jr., Philadelphia, Pa., John S. Simpson, Fisher, Ruddock & Simpson, Indiana, Pa., for defendant.

MARSH, District Judge.

The plaintiff, Josephine Furnace & Coke Company, hereinafter referred to as Josephine, a Pennsylvania corporation, is the owner of coal and full mining rights, together with waivers of rights to surface support and release from damages to surface improvements, in numerous tracts of land on which the Texas Eastern Transmission Corporation, hereinafter referred to as Texas Eastern, a New Jersey corporation, has entered upon, constructed and is now maintaining a natural gas pipe line which is buried approximately 24 inches beneath the surface level. Josephine also owns two tracts of land in fee traversed by the gas line.

Although Texas Eastern is vested with the power of eminent domain by virtue of its holding a Certificate of Public Convenience and Necessity from the Federal Power Commission and the provisions of the Natural Gas Act of June 21, 1938, as amended; see 15 U.S.C.A. § 717f; it appears that it has exercised such power only as to the land overlying the coal.

Josephine has brought this action for compensation for damages resulting to it from the alleged taking. 15 Purdon's Pa. Stat.Ann. § 2034; Rule 71A, Fed.R.Civ. P., Title 28 U.S.C.A. Thus the dispute presented to this court, in essence, **is**

whether Texas Eastern has "damaged" Josephine by a taking and, if so, the extent of the damages.

■ It is established Pennsylvania law that a pipe line corporation vested with the power of eminent domain may appropriate land upon or under which to lay pipe lines and in so doing takes all rights to the fee regardless of prior severances. 15 Purdon's Pa.Stat.Ann. § 2031; Penn Gas Coal Co. v. Versailles Fuel Gas Co., 1890, 131 Pa. 522, 19 A. 933; see also, 13 P.L.E. Eminent Domain § 31. The right of the corporation to appropriate the land is perfected upon filing of a bond and the approval thereof in the court of common pleas of the proper county. 15 Purdon's Pa.Stat.Ann. § 2033. Subsequently, either property owner or corporation may petition for viewers to assess damages. 15 Purdon's Pa.Stat.Ann. § 2034.

If there are outstanding rights in the land, such as coal and mining rights, that have been severed by conveyance, the pipe line corporation may file a bond to protect the owner of such interests from possible damage, or if the corporation is convinced that no necessity for such bond exists, it may file a waiver of subjacent support and other severed rights. Penn Gas Coal Co. v. Versailles Fuel Gas Co., supra. Texas Eastern has done neither.

■ The owner of the severed rights in such a situation may file a bill to restrain or may proceed in an action for assessment of the damages sustained. Penn Gas Coal Co. v. Versailles Fuel Gas Co., supra; see also, 13 P.L.E. Eminent Domain § 31. At No. 1 September Term, 1954, the plaintiff sought an injunction in the Court of Common Pleas of Indiana County, Pennsylvania, to restrain the operation of the pipe line pending payment of damages or tendering of ade-

quate security therefor. It appears that the pipe line has been constructed and long since in operation. The equity action is still pending in the State Court. It does not appear that any petition for the appointment of viewers to ascertain the amount of damages due to plaintiff for its land and its coal and mining rights was instituted in Indiana County *prior to this suit.*[1] See Creasy v. Lawler, 1957, 389 Pa. 635, 133 A.2d 178, which holds that a court of equity cannot adjudicate a property owner's rights to compensation and assess and award damages since those rights could be protected in a proceeding before viewers, in short, that the property owners have an adequate remedy at law.[2]

■ It is further well settled in Pennsylvania that where a corporation having the power of eminent domain enters on land in a legally defective manner, Allegheny County v. Frank Mashuda Co., 1959, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed. 2d 1163; Cochran Coal Co. v. Municipal Management Co., 1955, 380 Pa. 397, 110 A.2d 345, the party aggrieved may sue in ejectment and trespass for damages or the party may waive the tort and treat the action as a condemnation and petition for viewers to assess the damages. Rosenblatt v. Pennsylvania Turnpike Commission, 1959, 398 Pa. 111, 157 A.2d 182.

By virtue of the provision of 28 U.S.C.A. § 1331 this court has jurisdiction of this action, since diversity of citizenship and the jurisdictional amount are alleged. See also, § 717f, 15 U.S.C.A.

■ There are no pressing or compelling reasons present to persuade this court to suspend or refuse to exercise its jurisdiction. Allegheny County v. Frank Mashuda Co., supra. The fact that subsequent to the filing of this suit, a similar suit was brought in a state court is not

---

1. The plaintiff's brief indicates that such a petition was filed in Indiana County on April 21, 1960; the defendant's motion to dismiss indicates it was filed on April 29, 1960. This suit was filed in this court on March 2, 1960.

2. "The Supreme Court of Pennsylvania has made it indisputably clear that a Pennsylvania Court, sitting in equity, has

no jurisdiction to determine whether there has been a taking of private property for public use or to assess and award damages for such appropriating. See Gardner v. Allegheny County, 1955, 382 Pa. 88, 114 A.2d 491, where it is also held that relief is only obtainable by eminent domain proceedings." Creasy v. Lawler, supra, 133 A.2d at page 180.

persuasive, since such action involves an *in personam* claim for damages, Allegheny County v. Frank Mashuda Co., supra, and the determination in either court may be pleaded as res judicata in the unfinished suit. Kline v. Burke Const. Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

The petition of defendant to dismiss the amended complaint for lack of jurisdiction and a failure to state a cause of action and motion to stay proceedings should be denied and an appropriate order will be entered.