Dick JONES, Larry Kell, Joy Lynn, Marie Villon, Indiv. & Jointly as Philadelphia Branch, Executive Board

v.

AMERICAN GUILD OF VARIETY ARTISTS.

Civ. A. No. 29750.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1961.

Rappaport & Lagakos, by Samuel Rappaport, Philadelphia, Pa., for plaintiffs.

Richard H. Markowitz and Richard Kirschner, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The complaint herein was filed on June 15, 1961. Approximately one year prior thereto, (June 24, 1960), the same plaintiffs filed a complaint against the same defendants in Common Pleas Court No. 7 in Philadelphia County. That suit is pending in the State Court. Generally speaking, it involves the same subject matter as the suit thereafter brought in this Federal Court.

The defendants moved to dismiss the complaint in this Court on the ground, *inter alia*, that the same questions were pending in the State Court. On June 29, 1961, our late colleague Judge Egan filed an Order dismissing this complaint without prejudice for the stated reason that: "Plaintiffs are bound by their original choice of forum."

Plaintiffs have moved this Court to vacate and set aside Judge Egan's Order on the ground that Judge Egan was in error, particularly in his assumption that the plaintiffs were "bound" by their first choice of a forum. Plaintiffs contend now that a suit involving the same subject matter and the same parties as a suit pending in a State Court may proceed concurrently in the Federal Court with the one begun previously in the State Court.[1]

While we agree with the plaintiffs' proposition that the law permits a suit in the Federal Court to proceed to a judgment concurrently with a suit in the State Courts involving the same parties and subject matter,[2] we note that a Federal judge presented with such a suit has the discretion to either stay or dismiss the Federal proceedings (without prejudice) pending the outcome of the State suit. This is the view taken by our late colleague Judge Egan, and we have no basis for disturbing this exercise of his discretion.

### Order

And now, to wit, this 18th day of December, 1961, It Is Hereby Ordered that plaintiffs' motion to vacate Order dismissing complaint is hereby denied.

1. Plaintiffs also urge that the suit in this Federal Court involves matters not embraced in the State Court suit. We do not need to decide this contention to dispose of the present motion. However, we view this suit as involving the same subject matter as the State Court suit for the limited purpose of evaluating this motion.

2. Barron and Holtzoff, "FEDERAL PRACTICE AND PROCEDURE" Rules Ed., Vol. 1A, p. 334; Moore's FEDERAL PRACTICE, 2nd Ed., Vol. 1, p. 2605.