**MILK DRIVERS AND DAIRY EMPLOYEES UNION LOCAL NO. 338, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant,**

v.

**DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Appellee.**

No. 399, Docket 27656.

United States Court of Appeals Second Circuit.

Argued July 17, 1962.

Decided July 19, 1962.

Herbert A. Levy, New York City (Cohen & Weiss, New York City, on the brief), for appellant.

Edward J. Flynn, New York City, for appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Milk Drivers and Dairy Employees Union, Local No. 338 (the Union), appeals from a decision of the District Court for the Southern District of New York denying its application for an injunction that would compel Dairymen's League Co-Operative Association, Inc. (the Employer) to maintain the status quo pending the determination by arbitration of a dispute between the parties concerning the Employer's right to have its milk hauling operation performed by an independent contractor. The district court decided that, since the same dispute was already pending in the New York State courts, the federal court action should be stayed and an injunction should not be issued. We affirm this decision.

The Employer is a cooperative corporation engaged in the production, sale, and distribution of milk and milk products in the northeastern part of the Unit-

ed States. The Union is the collective bargaining representative of several hundred employees of the Employer who work at various locations. The dispute in issue arises out of the Union's representation of employees at the Employer's Middletown garage and Poughkeepsie plant.

Separate collective bargaining agreements between the Employer and the Union governed the operations at the respective Middletown and Poughkeepsie locations. The drivers at the Middletown garage were covered by an agreement which became effective June 30, 1961 and which expired June 30, 1962 (the Middletown Agreement). The employees at the Poughkeepsie plant are covered by an agreement which was executed on November 30, 1961 and which continues in effect until November 30, 1962 (the Poughkeepsie Agreement). Paragraph 36C of the Poughkeepsie Agreement provides:

"Should any Employer, signatory to this contract, engage during the life of this contract in tank truck milk hauling, originating or terminating in the serving area covered by this contract, he shall do so with his own employees working under this contract, providing he has no conflicting contractual legal or statutory obligations, at the then prevailing rates for such work."

For the past thirty years the Employer has operated a fleet of tank trucks out of the Middletown garage. In January, 1962, a dispute arose between the Employer and the Union concerning (1) the discharge of thirty-four employees who were employed at the Middletown garage, and (2) the contracting-out of the work they had formerly performed to several independent haulers. The employees at the Poughkeepsie plant staged a brief work stoppage in protest but the Employer obtained an *ex parte* order restraining the stoppage from the New York Supreme Court, County of Oneida.[1] Prior to the institution of the injunction proceedings, the Union sought to arbitrate the dispute. It applied to the Federal Mediation and Conciliation Service for the appointment of an arbitrator without specifying the agreement or provisions on which it relied. The Employer then moved, in the same court in which it had obtained the injunction, for an order (1) staying the arbitration or, in the alternative, (2) directing the arbitration to proceed but excluding paragraph 36C of the Poughkeepsie Agreement from the consideration of the arbitrator. The Union cross-moved to compel arbitration without restricting the arbitration in advance.[2] The court ordered that the arbitration should proceed and further ordered that the arbitration should be governed only by the Middletown Agreement, thereby excluding paragraph 36C from consideration. The Union's appeal from that decision is now pending before the Appellate Division, Fourth Department, of the New York State Supreme Court.

On June 26, 1962 the Employer notified the remaining twenty-one employees at the Middletown garage that they would all be discharged as of June 30, 1962 and that their work was being contracted-out to the McBride Transportation Company. The Union notified the Employer that it viewed the Employer's action as a violation of paragraph 36C of the Poughkeepsie Agreement and by telegram of June 28, 1962 the Union sought to invoke the arbitration provisions of section 14 of the Poughkeepsie Agreement.

On June 29, 1962 the Union petitioned the district court, pursuant to section

1. The Appellate Division, Fourth Department, affirmed that decision and the Union is presently prosecuting an appeal to the New York Court of Appeals.

2. The Union contends that because the Poughkeepsie Agreement was negotiated after the Middletown Agreement, some of its terms, including paragraph 14 which is a broader arbitration provision than that contained in the Middletown Agreement and paragraph 36C, apply to the Middletown operation.

301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C.A. § 185, for an order (1) directing the parties to proceed to arbitration of their dispute, and (2) enjoining the Employer to maintain the status quo pending the hearing and award in arbitration. The proceedings were commenced by order to show cause and, after hearing both sides, Judge Cooper, on June 29th, ordered that a hearing on the petition be held on July 3, 1962 and granted a restraining order to preserve the status quo until the hearing. At the hearing on July 3, 1962, Judge Palmieri reserved decision and continued the restraining order in effect until July 9, 1962. On July 6, 1962, Judge Palmieri stayed further proceedings on the petition and denied injunctive relief. On July 9, 1962, a notice of appeal to this court was filed and the parties agreed to maintain the status quo pending the hearing and determination of this appeal.

The issue which the Union presented for determination by its petition in the district court is the same as that which is presently being adjudicated in the New York courts on the Union's appeal from the decision of the Supreme Court, Oneida County, namely: Is paragraph 36C of the Poughkeepsie Agreement applicable in determining the Employer's right to contract-out the milk hauling which it has been conducting from the Middletown garage?

 The state courts have concurrent jurisdiction with the federal courts to compel arbitration of collective bargaining agreements. Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). It is an established rule in this circuit that the district court has the power to stay its proceedings if there is a prior action involving the same dispute pending in the state courts. Mottolese v. Kaufman, 2 Cir. 1949, 176 F.2d 301; P. Beiersdorf & Co. v. McGohey, 2 Cir. 1951, 187 F.2d 14; Ferguson v. Tabah, 2 Cir. 1961, 288 F.2d 665; Ballantine Books, Inc. v. Capital Distributing Co., 2 Cir. 1962, 302 F. 2d 17. The district court was well within

this discretion in staying the proceeding to compel arbitration pending the determination of the state court action. In view of its determination to stay the proceedings on the merits, there was no abuse of discretion in the district court's refusal to grant an injunction to preserve the status quo.

 The order appealed from is affirmed. However, an order will issue enjoining the Employer to maintain the status quo up to and including Tuesday, July 24, 1962, so that the Union may have an opportunity to seek an injunction in the state court.