Harold B. **SALER**

v.

**RENAIRE FOODS, INC.,** Goren Foods Company, Bruce A. Norris, Harry A. Perry, Hyman M. Cohen, Robert E. Greene, James T. Garrison and Joseph H. Sharpe.

Civ. A. No. 43669.

United States District Court
E. D. Pennsylvania.

April 17, 1968.

Henry J. Morgan, Philadelphia, Pa., for plaintiff.

Nochem S. Winnet, Philadelphia, Pa., for defendants.

## OPINION

MASTERSON, District Judge.

The plaintiff, the principal minority stockholder of the defendant-corporation, Renaire Foods, Inc. (Renaire) brings this action against that corporation, the individual former directors of Renaire, and the corporation into which Renaire has recently merged, Goren Foods, Inc. (Goren). Plaintiff asserts federal jurisdiction pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14(a) (9) promulgated thereto by alleging that the defendants issued a proxy statement prior to the merger which was materially false and misleading. See, J. I. Case v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1963).

Plaintiff, the founder and former president of Renaire, presently owns 263,478 shares or 9% of that company. On February 15, 1967 while still president he caused 2,509,119 shares of Renaire to be sold to Goren, making Goren the owner of 83% of the shares in Renaire. After the transaction all the directors of Renaire with the exception of the plaintiff were directors of Goren.

On August 3, 1967, the directors of Goren decided to merge Renaire into Goren and for this purpose a prospectus was prepared and filed with the Securities Exchange Commission and a special meeting of the stockholders was called for September 29, 1967. Plaintiff brought this action and moved for an order to restrain the holding of the stockholders' meeting to consummate the merger alleging, inter alia, that the prospectus issued in connection with the proposed merger was materially misleading. Plaintiff's motion for a restraining order was denied on September 29, 1967 and defendants agreed to take no steps to consummate the proposed merger other than holding the stockholders' meeting which was then pending. At the stockholders' meeting 89% of the stockholders voted to approve the merger. Thereafter, a hearing was held on plaintiff's motion for a preliminary injunction and by or-

der dated November 16, 1967 this motion was also denied. Defendants have now moved to dismiss the plaintiff's complaint.

The defendants argue that this action must be dismissed because this court does not have subject-matter jurisdiction of the action, or in the alternative, that this court should exercise its discretion not to take jurisdiction, particularly because of the pendency of an identical proceeding in the state courts.

 Broadly speaking, the plaintiff's complaint can be divided into two categories. The first consists of a series of allegations that the prospectus issued in connection with the merger was materially misleading and therefore violated the Federal Securities Law. There can be no doubt that this court has jurisdiction over these claims and since there remain material issues of fact which have not been resolved on final hearing, the motion to dismiss this phase of the plaintiff's action is clearly inappropriate.

 The second phase of the plaintiff's complaint claims that the defendant directors violated their fiduciary duty to the minority stockholders of Renaire in failing to secure an independent appraisal of the value of Renaire, in failing to obtain independent counsel to negotiate the terms of the merger at "arms length", in failing to advise the minority stockholders of the "tax effect" of the merger and in failing to insist on a "fair and equitable price" for the Renaire stock. There is also some suggestion that the inter-corporate transactions between Renaire and Goren were manipulated by Goren in such a manner as to increase the loss shown by Renaire.

While it is clear that this court has the power under the doctrine of pendent jurisdiction to hear and decide these issues which are basically non-federal in nature, it is equally clear that it is within the court's discretion to determine whether or not to exercise such jurisdiction. The Supreme Court has cautioned the District Courts that:

"(n)eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law. * * * " United Mine Workers of America v. Gibbs (1966), 383 U.S. 715, at p. 726, 86 S.Ct. 1130, at p. 1139, 16 L.Ed.2d 218.

When the case is looked at in its entirety, there can be no doubt that plaintiff's complaint is not that he was deceived by anything said or omitted from the proxy statement but that the price set for the Renaire stock in the merger agreement was inadequate because the Renaire directors allegedly breached their fiduciary duty to the stockholders of Renaire. Whether under the Pennsylvania Business Corporation Law directors representing the ownership of 83% of the stock of a corporation are legally obligated to retain independent appraisers or counsel to advise them with respect to the terms of a merger which would inevitably be approved by at least 83% of the stockholders are novel questions under Pennsylvania Law. The plaintiff has instituted a suit in the Pennsylvania Court of Common Pleas raising these identical issues. The decision of that Pennsylvania Court will ultimately be reviewable by the Supreme Court of Pennsylvania which is the appropriate final arbiter of the requirements of the Pennsylvania Business Corporation Law.

Under these circumstances, it is appropriate to invoke the self restraint suggested by the court in the *Gibbs* case and not attempt to make a premature decision of these questions of state law. Hence the defendants' motion to dismiss the complaint will be denied but all further proceedings in this case will be stayed until the completion of the case currently pending in the Pennsylvania Court of Common Pleas.