**Adelberto O. NIGRO**

v.

**Malcolm M. BLUMBERG, Administrator C. T. A. of the Estate of Dezso Tournyossy, Dec'd, et al.**

**Civ. A. No. 73-1584.**

United States District Court,
E. D. Pennsylvania.

April 3, 1974.

Harry P. Voldow, Glenside, Pa., for plaintiff.

M. Stuart Goldin, Philadelphia, Pa., for Malcolm M. Blumberg.

Joseph L. Della Guardia, Louis F. Hinman, III, Asst. City Sol., for City of Philadelphia.

Robert R. Harris, James J. McEldrew, Philadelphia, Pa., for William Heaney.

Joseph R. Thompson, Roger B. Wood, Philadelphia, Pa., for Buckley and Co., Inc.

Charles W. Craven, Philadelphia, Pa., for Union Paving Co.

MEMORANDUM AND ORDER

FOGEL, District Judge.

Plaintiff in this action, Adelberto Nigro (hereinafter Nigro), filed a com-

plaint in trespass against the named defendants on July 13, 1973, invoking the diversity jurisdiction of this court pursuant to 28 U.S.C. § 1332(a)(2).[1]

Nigro claims to have sustained serious physical injuries on the evening of November 25, 1971, in an automobile accident allegedly caused, *inter alia*, by the negligence of his passenger Dezso Tornyossy (who died as a result of the accident) and of William Heaney, the driver of another automobile which collided with the motor vehicle operated by plaintiff on that occasion.

Presently before us is the motion of defendant Malcolm Blumberg (hereinafter Blumberg), Administrator C.T.A. of the Estate of Dezso Tornyossy, for a stay of all proceedings in this court until termination of a similar action filed previously by movant in the Court of Common Pleas of Philadelphia County, as of November Term, 1972, No. 1916. Defendants Union Paving Company and the City of Philadelphia have joined in the motion for a stay; defendants Buckley and Company and William Heaney, while not formally joining in the motion, have informed the other defendants and this Court that they do not oppose the motion.

The following history of this litigation is relevant to a resolution of the instant motion. On November 16, 1972, Blumberg filed a survival action in the Court of Common Pleas for Philadelphia County naming Adelberto Nigro, the City of Philadelphia, William Heaney, and Buckley and Company, Inc. as defendants. Nigro filed a counterclaim

against plaintiff Blumberg and also filed cross-claims against the City of Philadelphia, William Heaney, and Buckley and Company, Inc., in which he averred that the accident and his injuries were caused by the negligence of those parties.[2] By leave of court Union Paving Company was subsequently joined as an additional defendant. Notwithstanding his acquiescence in a dismissal without prejudice of an earlier action brought in this court by Blumberg, plaintiff Nigro filed the instant suit on July 13, 1973 [3] for damages he sustained as a result of the very incident which *is* the subject of the pending state court action and *was* the subject of the initial action in this court that was subsequently dismissed without prejudice.[4] Blumberg, the City of Philadelphia, Union Paving Company, and Buckley and Company, Inc. each filed cross-claims. However, no counterclaims against Nigro were filed in this action.

Blumberg supports his motion for a stay of the action presently before us on the following grounds: (1) the presence of these same parties in the federal and state court actions; (2) the prior institution of the state court action; and (3) the encompassing sweep of the state court action which can result in a final disposition of the rights of all of the parties.

Blumberg further argues that similar discovery rights exist in both the federal and state forums so that Nigro will not be prejudiced by a stay of the proceedings here. Defendant Union Paving Company, which has joined in this mo-

---

1. Plaintiff Nigro, at the time of filing this action, was a citizen of Brazil.

2. The City claimed indemnity from Buckley and Company, Inc., and Buckley and Company, Inc. in turn claimed indemnity from the other defendants, in the event of an adverse judgment.

3. On January 25, 1972, prior to the institution of the state court action, Blumberg brought wrongful death and survival actions in this court against Nigro. On May 26, 1972, the wrongful death action was dismissed *with prejudice*, by stipulation of the parties; Nigro subsequently brought in Wil-

liam Heaney and the City of Philadelphia as third-party defendants.

On January 15, 1973, the entire action then pending in this court, was dismissed *without prejudice* by order of Judge Newcomer with the consent of all the parties.

4. The plaintiff has filed another trespass action in the state court action parallel to this one, purportedly to protect himself against any adverse consequences from a stay of the proceedings here. The parties are the same as those involved in the case at bar. Court of Common Pleas, Philadelphia County, November Term, 1973, No. 748.

tion, has urged economy in the use of judicial resources as an additional consideration in support of a stay.

Plaintiff Nigro's arguments in opposition to this motion are as follows:

FIRST: he claims that he has a right to be in this court because of our diversity jurisdiction and maintains that trial of the matter here will give him the advantages of notice pleading and liberal discovery; and

SECOND: he urges that a stay of proceedings by this court would deprive him of his right to have his cause adjudicated in a federal forum and in effect would constitute improper circumvention of the pertinent constitutional and statutory provisions which control diversity litigation.[5]

■ When there is concurrent jurisdiction in state and federal courts, and "the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." Kline v. Burke Construction Co., 260 U. S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922). Ordinarily, of course, both actions may proceed simultaneously until judgment is obtained in one of them, in which event recovery is barred in the other action. Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935); *see* Jennings v. Boenning & Co., 482 F.2d 1128 (3d Cir. 1973), cert. denied 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316.

■ It is also true generally that "the courts of the United States are bound to proceed to judgment, and to afford redress to suitors before them, in every case to which their jurisdiction extends; . . . [and] they cannot abdicate their authority or duty in any

case in favor of another jurisdiction." Hyde v. Stone, 20 How. (U.S.) 170, 175, 15 L.Ed. 874, 876; *cf*. Cohens v. Virginia, 6 Wheat. (U.S.) 264, 404, 5 L.Ed. 257 (1821); McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910). However, this principle has its exceptions. The right of litigants to have a cause adjudicated in a federal court is not absolute; the court may decline adjudication of a particular controversy pursuant to certain recognized public policy considerations and defined criteria which govern the exercise of the court's power.[6]

Thus, while the power to *proceed* cannot be questioned, the issues before us for decision are: FIRST, the existence of the power to grant the motion for a *stay* of these proceedings, and, SECOND, the propriety of the exercise of that power in the instant case. Prior exercise of analogous discretion helps us to reach a conclusion in this matter.

■■ It is clear that federal courts may stay actions, pending another federal court's adjudication, involving the same parties and issues. Kerotest Mfg. Co. v. C–O Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952). It is also clear that district courts have the power to stay suits for declaratory relief during the pendency of parallel state actions. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *see also* PPG Industries Inc. v. Continental Oil Co., 478 F.2d 674 (5th Cir. 1973); Crosley Corp. v. Hazeltine Corp., 122 F. 2d 925 (3d Cir. 1941).

■ While courts are not unanimous in discerning similar discretion in actions at law, because jurisdiction in such cases is not basically discre-

---

5. U.S.Const. Art. III, § 2; 28 U.S.C. § 1332(a)(2).

6. *See e. g.*, Kaiser Steel Corp. v. W. S. Ranch Co., 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.

1620 (1942); Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Canada Malting Co. v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837 (1932); Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *see also* Ohio v. Wyandotte Chemicals Corp., 401 U.S. 493, 91 S.Ct. 1005, 28 L.Ed.2d 256 (1971).

tionary,[7] we are persuaded that even though the action before us is one at law, the inherent power and discretion to stay proceedings are lodged with this court.[8] We believe that public policy considerations and certain well-defined principles may justify the exercise of a federal court's discretion to stay proceedings, just as such considerations justify a federal court's abstention from the exercise of its jurisdiction in certain limited, but nevertheless recognized, circumstances. When the duty imposed upon us to proceed with a case over which we have jurisdiction conflicts with the best interests of the public, of the courts, and of all of the litigants involved in the matter, notwithstanding plaintiff's unconvincing plea to the contrary, we conclude that, under such circumstances, our power and discretion should be exercised in favor of granting a stay.

In the frequently cited case of Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), Mr. Justice Cardozo in affirming a district court's stay of its proceedings in favor of similar proceedings in the same and other districts held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. at 254, 57 S.Ct. at 166. While invoking this inherent power in Mottolese v. Kaufman, 176 F.2d 301, 303 (2d Cir. 1949), the leading case in the Sec-

ond Circuit, Judge Learned Hand charted new ground in this area in looking to the principles of *forum non conveniens* as enunciated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), in support of his conclusion that the district courts have the discretion to grant a stay of a federal action pending the outcome of a similar action instituted previously in a state court. This doctrine has been approved repeatedly by the Court of Appeals for the Second Circuit[9] and has been adopted explicitly by the Court of Appeals for the Fourth Circuit. Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967). *Cf.* Aetna State Bank v. Altheimer, 430 F.2d 750 (7th Cir. 1970); [10] Thompson v. Boyle, 417 F.2d 1041 (5th Cir. 1969), cert. denied 397 U.S. 972, 90 S.Ct. 1088, 25 L.Ed.2d 266; Ray v. Hasley, 214 F.2d 366 (5th Cir. 1954).

Although the law in this area has not been as clearly defined in decisions of this circuit as it has been in rulings by the Second and Fourth Circuits, we conclude that recent cases in this circuit are compatible with our finding that this court has the power and discretion to stay the proceedings in this action, particularly in light of the specific factual situation before us.

In an early decision in this circuit, the Court of Appeals upheld a district court's refusal to stay proceedings in an action of ejectment before it, even though there was a parallel proceeding involving the same parties in the state

---

7. *See e. g.*, Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820 (9th Cir. 1963); *see also* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 512, 67 S.Ct. 839, 91 L.Ed. 1055, 1064 (1947) (Black, Jr., dissenting).

8. For informative discussions of the existence of this power and the propriety of its exercise see generally the following: Hart and Wechsler's The Federal Courts and the Federal System 1257–1261 (2d ed. P. Bator et al. 1973); Annot., Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1970); Currie, The Federal Courts and the American Law Institute (II), 36 U.

Chi.L.Rev. 268, 311 (1969); Note, Stays of Federal Proceedings in Deference to Concurrently Pending State Court Suits, 60 Colum.L.Rev. 684 (1960); Note, Power to Stay Federal Proceedings Pending Termination of Concurrent State Litigation, 59 Yale L.J. 978 (1950).

9. *See e. g.*, Milk Drivers' and Dairy Employees' Union v. Dairymen's League Co-op Ass'n, 304 F.2d 913 (2d Cir. 1962); Beiersdorf & Co. v. McGohey, 187 F.2d 14 (2d Cir. 1951).

10. *But cf.* Liberty Mutual Insurance Co. v. Pennsylvania Railroad Co., 322 F.2d 963 (7th Cir. 1963).

courts of New Jersey. Lamar v. Spalding, 154 F. 27 (3d Cir. 1907). Although a final determination had not yet been rendered by the United States Supreme Court on a writ of error to the New Jersey Court of Errors and Appeals (which had affirmed the issurance of a writ of assistance to dispossess Lamar, plaintiff-appellee in the federal court action), the Court of Appeals of this circuit held that the district court's refusal to stay its proceedings had been proper, because there was nothing in the second action "calculated to delay or impede the state courts in the exercise of their jurisdiction, nor to produce contention between courts. . . ." *Id.* at 31–32.

We do not find this decision dispositive with respect to the present discretion of a federal district court to *grant* a stay of its proceedings. *Lamar* precedes not only the explicit formulation of the doctrine of *forum non conveniens,* but also later decisions in this circuit which seem to approve our discretion to stay in favor of precedent and parallel litigation of the same cause of action in the state courts.

Although not directly confronting the question of the existence of this discretion, the Court of Appeals for this circuit has held that a district court's stay of proceedings is not equivalent to a dismissal or abandonment of jurisdiction, Arny v. Philadelphia Transportation Co., 266 F.2d 869 (3d Cir. 1959) (Biggs, C. J.); we believe that that decision, *sub silentio,* implies the existence of discretion under the circumstances of the instant case.[11]

In Arny v. Philadelphia Transportation Co., 163 F.Supp. 953 (E.D.Pa.1958); app. dismissed 266 F.2d 869 (3d Cir. 1959) (Biggs, C. J.), the district court granted defendant's motion to stay proceedings in a wrongful death action brought by the plaintiff as trustee ad litem on behalf of her sister and herself. Several days after plaintiff had filed the action in the federal court, her sister filed a similar wrongful death action in the Pennsylvania Court of Common Pleas. In that same court, on that same day, the executor of the father's estate brought a survival action arising out of the same accident. The district court found that the Pennsylvania requirement that death and survival actions be brought together in order to avoid duplication of damages, conferred upon the defendant substantive protection, available to him in a consolidated trial in state

---

11. *Cf.* Joffe v. Joffe, 384 F.2d 632 (3d Cir. 1967), cert. denied 390 U.S. 1039, 88 S.Ct. 1635, 20 L.Ed.2d 300 (1968); Jones v. American Guild of Variety Artists, 199 F. Supp. 840 (E.D.Pa.1961); *but cf.* Peerless Wall Paper & Paint Co. v. Manufacturers Life Insurance Co., 190 F.Supp. 214 (W.D. Pa.1960); 5655 Acres of Land and Coal v. Texas Eastern Transmission Corporation, 190 F.Supp. 175 (W.D.Pa.1960); Krivan v. Hourican, 117 F.Supp. 908 (W.D.Pa.1954); *see also* Saler v. Renaire Foods, Inc., 283 F.Supp. 297 (E.D.Pa.1968); Fellman Co. v. Smith Corona Marchant, Inc., 27 F.R.D. 263 (E.D.Pa.1961); *see also* United States v. Kirkpatrick, 186 F.2d 393 (3d Cir. 1951).

In United States v. Kirkpatrick, *supra,* at 397, the Court of Appeals held "that the district court is not empowered to make a general compulsory reference of all the issues in a group of admiralty cases . . . merely to relieve a congested docket and not because the cases themselves present exceptional circumstances which make reference of them necessary for the purposes of justice. For to do this would be to impose upon a group of litigants against their will the expense and delay of unnecessary reference. It would deny them the right to have their cases tried by the judges commissioned under the Constitution to try them with the result that other litigants in the court would receive preferred attention on the judges' trial list."

While general reference of admiralty cases, according to a policy adopted by the entire district court, was not approved in *Kirkpatrick,* the Court of Appeals implied that such reference would have been within the discretion of a trial court if an individual case presented exceptional circumstances and if reference would serve the interests of justice. We infer from *Kirkpatrick* that the Court of Appeals would similarly sanction our discretion to stay proceedings in cases before us, such as the one at bar, which present exceptional circumstances that justify a stay.

court.[12] Finding that all rights of the parties were comprehended in the state action, that no earlier adjudication was likely in the federal court, and that the plaintiff would not be prejudiced by a stay of the federal proceeding, the court granted a stay until a reasonable time should elapse for conclusion of the two actions in the state court.

On appeal to the Court of Appeals for the Third Circuit, the plaintiff argued that the order to stay was

> "in substance a permanent stay since the conclusion of the State court litigations will in all probability render the suit at bar *res judicata* and that therefore the stay order is tantamount to a dismissal of the case at bar." 266 F.2d at 870.

Rejecting this argument, the Court stated:

> "We cannot say that the order appealed from surely will result in the case becoming *res judicata* by reason of an adjudication of the case or cases now pending in the Court of Common Pleas. The cases in the Court of Common Pleas might, perhaps, be dismissed by that court for reasons not related to the merits of the actions. To treat the order appealed from as the equivalent of a dismissal would compel this court to speculate on the possible or probable course of the litigations in the Pennsylvania State tribunal. This we should not do."

Holding that the stay was therefore not a final order under the provisions of 28 U.S.C. § 1291, and that the Circuit Court did not possess jurisdiction to reverse the order appealed from, the Court, *per* Biggs, C. J., dismissed the appeal as improvidently taken.

We do not believe that *Arny* should be construed as a strictly jurisdictional determination which would imply disapproval of the district court's stay, if reviewed upon a petition for a writ of mandamus. Rather, we conclude that the Court of Appeals for the Third Circuit is in harmony with the other courts which have held that in appropriate situations a district court may stay its own proceedings in deference to prosecution of parallel litigation in the state courts.

As long ago as 1941, the Court of Appeals for the Third Circuit, in reversing the district court's failure to enjoin a party from proceeding in similar suits in another federal district court, stated:

> "the party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties." Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925, 930 (3d Cir. 1941).

We believe that recognition of a public policy against unnecessarily burdening two courts with concurrent and duplicative litigation does not threaten the integrity of the federal-state judicial relationship; to the contrary, the exercise of such judicial restraint advances the objective of comity between federal and state courts.

■ Finding the overall policy considerations relevant in such matters, we believe, then, that the following factors are pertinent to a district court's decision to exercise its discretion in favor of

12. *But see* Krivan v. Hourican, *supra.*

staying proceedings before it: (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay.

■ When, as in the case at bar, the movants have met the burden of demonstrating that the interests of justice will be served and that plaintiff will not be prejudiced by a stay of these proceedings, we are persuaded to order such a stay. The following facts peculiar to this litigation reinforce that conclusion.

Comprehensive disposition of the rights of all of the parties is possible only in the state forum and not here. Blumberg's claim against Nigro for negligence, the basis of the state court action, is not before us in the federal action and is now barred by the applicable statute of limitations, due to Blumberg's failure to file a counterclaim in this court before the statutory period had expired. In effect, the state court has exclusive jurisdiction over the totality of all of the material conflicting claims at issue among the various parties. Even if Nigro were successful in prevailing in this court against all defendants except Blumberg, litigation of Blumberg's claim could take place only in the state court.

All of the parties to the federal action are also parties to the pending state court action which was in fact instituted six months before this suit. The state court litigation has already proceeded to discovery, thereby affording the state court litigants an opportunity of earlier adjudication of the case. Hence, a stay of the case in its present posture, far from imposing greater delay and expense upon the parties, will probably result in substantial savings in time and money.

The law of the Commonwealth of Pennsylvania is controlling in this matter. Certainly, there is no better forum for adjudication of issues of state law than the state court itself.

■ Nigro has argued that his choice of forum should be respected. While a plaintiff's choice of forum is entitled to great weight, that choice is but one of the several factors to be considered by a court in determining the propriety of a stay.[13] When, as here, plaintiff's preference for the federal forum has been inconstant, we believe his selection weighs less heavily in the balance.

When litigation between the parties was initially begun here, plaintiff had available to him the advantages of this tribunal. Apparently satisfied with the state court in which similar proceedings had been instituted, all of the parties (including plaintiff) consented to a dismissal of the federal action. Moreover, plaintiff's counterclaim in the state action, permissive and *not* compulsory under the Pennsylvania rules, is further evidence of his satisfaction with that forum.

Finally, the issue of fact pleading required in the state action versus notice pleading permitted in the federal courts is a moot one, because the state action is beyond the pleading stage and has in fact progressed to the discovery phase. Moreover, the purported advantages of more liberal discovery in the federal forum do not outweigh the disadvantages to the other parties, to counsel, to this court, and to the public at large.[14]

13. *Cf.* Landis v. North American Co., *supra;* Gulf Oil Corp. v. Gilbert, *supra.*

14. The present discovery rules in force in the Commonwealth of Pennsylvania are similar and nearly co-extensive with the federal discovery rules, and the claimed advantage of broader discovery rights in the federal courts is more ephemeral than real. While it is clear that admissions in both state and federal proceedings are restricted to use in the action in the forum in which the requests are made, it does not presently appear that this restriction will tip the scales in favor of one party over another; no requests for admissions have yet been utilized in either the state or federal action.

We do not abandon our jurisdiction by staying our proceedings. Should the state court action not proceed to judgment on the merits, this Court stands ready to resume supervision of this litigation, if sufficient cause is advanced to persuade us to do so. Therefore, while we grant defendants' motion to stay proceedings at this juncture of the litigation, plaintiff Nigro is granted the continuing right to petition for modification of this stay in part or *in toto* if he can allege material facts and circumstances which would justify such action.