**Shirley H. CHINTALA, Administratrix of the Estate of John Chintala, Deceased and Shirley H. Chintala, in her own right,**

v.

**DIAMOND REO TRUCKS, INC.**

**Civ. A. No. 74–2916.**

United States District Court,
E. D. Pennsylvania.

May 9, 1975.

Jack E. Feinberg, Philadelphia, Pa., for plaintiff.

Lynn L. Detweiler, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Defendant has moved to Stay Proceedings in this Court pending the outcome of a related case filed in the Court of Common Pleas for Montgomery County.[1] The Motion will be granted for the reasons set forth in this memorandum.

█ In Nigro v. Blumberg, 373 F. Supp. 1206 (E.D.Pa.1974), we reviewed factors which should be considered before invoking a federal district court's inherent power to stay proceedings in a case which is also the subject of litigation in a state court. The following key issues should be explored and weighed:

1. considerations of comity,

2. promotion of judicial efficiency,

3. adequacy and extent of relief available in the alternative forum,

4. identity of the parties and of the issues in both actions,

5. likelihood of prompt disposition in the alternative forum,

6. convenience of the parties, counsel, and witnesses, and

7. possible prejudice to a party as a result of the stay.

Plaintiff is suing in her own right and as Administratrix of the Estate of John Chintala, under the Pennsylvania wrongful death and survival statutes. John Chintala was killed when a truck, alleged to have been manufactured by the defendant, backed up and struck him. At the time, plaintiff's decedent was working on a construction project for which Asphalt Paving and Supply Company was general contractor. The truck was averred to have been owned and operated by Nicolas J. DiDomenico, Jr., an employee of Sam Monastero. Monastero, in turn, was a subcontractor of Asphalt Paving and Supply for the construction project; the vehicle allegedly had been purchased by Monastero from Holly Jon Equipment Company.

The only defendant in the action before us is Diamond Reo Trucks, Inc.; the suit is based upon our diversity jurisdiction under 28 U.S.C. § 1332. Although plaintiff and Diamond Reo are

1. Chintala v. Asphalt Paving & Supply Co., Civil No. 74–16770 (C.P. Montgomery County, filed Nov. 22, 1974).

citizens of different states, all of the other individuals and corporations who are defendants in the state court action are citizens of Pennsylvania, as is plaintiff, and hence, may not be joined as original defendants in this case. However, defendant claims in its motion that it will bring the others into this suit as third-party defendants, should action proceed to adjudication on the merits here.

The state court action was filed in the Court of Common Pleas for Montgomery County. Plaintiffs sued Asphalt Paving and Supply Company, which, in turn, has brought in Diamond Reo Trucks, Inc., Nicolas J. DiDomenico, Jr., Sam Monastero, and Holly Jon Equipment Company, as additional defendants. Therefore, all parties who could possibly be parties to the federal action are already parties to the state action.

The plaintiff opposes the motion to stay for several reasons: *First*: plaintiff has chosen the federal court as its forum; *Second*: the suit in this court was filed first; *Third*: the federal suit will proceed with greater dispatch than the state action in that time frames, including a trial date, have been set in this court;[2] *Fourth*: the two separate theories of the cause of action,[3] each of which relates only to certain parties, and which do not overlap, together with the multiplicity of parties in the state action, would increase the likelihood of jury confusion in the state action.

Plaintiff has failed to distinguish this action from *Nigro, supra*. The initial choice of forum is not binding, under the special situation which leads to entry of a motion to stay. The relative priority in time is not dispositive, and in this case the difference of two weeks in time between the filing of the two actions is insignificant. Discovery in each suit will be substantially the same. Indeed, the fact that all parties are now in the state court action, whereas all but Diamond Reo Trucks, Inc. must be added here, militates toward the conclusion that the Montgomery County action will proceed more expeditiously. Diamond Reo's intention to bring in the additional state court parties as third-party defendants will confront the jury in this court with the same parties and cause of action as will face the jury in the state court. None of these factors offset the preference for a stay which is called for under the circumstances of this case in the interests of judicial economy, efficiency, comity and of the convenience of the parties themselves, who will be able to avoid the same cause of action being litigated in two forums simultaneously.

Under all of the facts before us, we are of the opinion that the matter should be stayed in this Court, pending determination and disposition of the action in the Court of Common Pleas of Montgomery County.

We do not abandon our jurisdiction by staying the proceedings here. Should the state court action not proceed to judgment on the merits, this Court stands ready to resume supervision of this litigation, if sufficient cause is advanced to persuade us to do so. Therefore, while we grant defendant's motion to stay proceedings at this juncture of the litigation, plaintiff is granted the continuing right to petition for modification of this stay in part, or *in toto*, if she can allege material facts and circumstances which would justify such action.

---

2. All of those time frames, including the trial date, will have to be deferred substantially if the third-party defendants are in fact joined; they must be given opportunities to plead and to pursue discovery.

3. Diamond Reo, Holly Jon and Asphalt Paving are sued under strict liability, Restatement (Second), Torts § 402A (1965), while the liability of DiDomenico and Monastero is based upon negligent operation of the truck.