**O & F TENNESSEE LAND, INC., Plaintiff,**

v.

**George RAMSEY, Defendant.**

No. CIV-4-77-40.

United States District Court,
E. D. Tennessee,
Winchester Division.

March 7, 1978.

On Motions To Vacate Stay
April 14, 1978.

Robert W. Boyd, Jr., McMinnville, Tenn., for plaintiff.

Proctor Upchurch, Crossville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for damages for the defendant's alleged trespass on certain real property within this district and division claimed to be owned by the plaintiff. 28 U.S.C. §§ 1332(a)(1), (c).* The defendant

---

* The complaint averred erroneously that this Court's jurisdiction was invoked under the provisions of 28 U.S.C. § 1391, which statute pertains to venue and not to jurisdiction; however,

moved the Court to dismiss this action, or alternatively, to stay it indefinitely. The plaintiff failed to make a timely response to such motion, local Rule 12(b), and is thus deemed to have waived any opposition thereto, local Rule 11(f).

The undisputed documents submitted by the defendant in support of his motion, and the representations of his counsel, reflect that there is presently pending an action between these same parties in the Chancery Court for Grundy County, Tennessee in which the defendant herein is challenging the plaintiff's right to the possession of or title to the land involved. The same state issues are thus raised contemporaneously in this action and in the state action between these parties. " * * * [A] federal district court should, in the exercise of its discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts. * * * " *Provident Bank & Trust Co. v. Patterson* (1968), 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936, 954[16]. In the exercise of its discretion, this Court hereby

STAYS this action until the Chancery Court of Grundy County, Tennessee has had a reasonable opportunity to pass upon the issues in *George Ramsey v. O & F Tennessee Land, Inc.*, civil action no. ___ in the Chancery Court of Grundy County, Tennessee, and any appeal or further judicial review therein. Counsel herein will report to this Court through the clerk each 90 days herefrom as to the progress of the contemporaneous state litigation.

### On Motion To Vacate Stay

The plaintiff moved the Court to vacate its stay of the proceedings herein, see memorandum opinion and order herein of March 7, 1978, contending that the Court abused its discretion in granting the same. That motion is devoid of merit.

the plaintiff's additional allegations were sufficient to invoke this Court's diversity jurisdiction, 28 U.S.C. §§ 1332(a)(1), (c).

The defendant Mr. Ramsey moved this Court on January 30, 1978 for the dismissal hereof, or alternatively, for an indefinite stay. The plaintiff failed to make a timely response to such motion, and under the provisions of local Rules 12(b) and 11(f), the Court deemed such party to have waived any opposition thereto. Memorandum opinion and order herein of March 7, 1978. Thus, the plaintiff, who was not diligent in prosecuting his claim, can hardly be heard to complain at this late date.

The issuance of the stay herein was a matter addressed to the Court's discretion. *Landis v. North American Company* (1936), 299 U.S. 248, 254–255, 57 S.Ct. 163, 165–166, 81 L.Ed. 153, 158 (headnote 1). There was ample authority supporting the Court's exercise of its discretion in the manner chosen. *United States v. Michigan National Corp.* (1974), 419 U.S. 1, 3–4, 95 S.Ct. 10, 11, 42 L.Ed.2d 1, 4–5[2]; *Lehman Brothers v. Schein* (1974), 416 U.S. 386, 390, 94 S.Ct. 1741, 1743, 40 L.Ed.2d 215, 219–220[2, 3]; *Thompson v. Magnolia Petroleum Co.* (1940), 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876, 880–881 (headnote 9); *Weiner v. Shearson, Hammill & Co., Inc.*, C.A.9th (1975), 521 F.2d 817, 821[7], [8]; *Klein v. Walston & Co., Inc.*, C.A.2d (1970), 432 F.2d 936, 937; *Aetna State Bank v. Altheimer*, C.A.7th (1970), 430 F.2d 750, 755[5, 6]; *Amdur v. Lizars*, C.A.4th (1967), 372 F.2d 103, 107[3], [4]; *Chintala v. Diamond Reo Trucks, Inc.*, D.C.Pa. (1975), 393 F.Supp. 1392, 1394[4]; *Universal Gypsum of Ga., Inc. v. American Cyanamid Co.*, D.C.N.Y. (1975), 390 F.Supp. 824, 826–827[2]; *Nigro v. Blumberg*, D.C.Pa. (1974), 373 F.Supp. 1206, 1209–1210[5], [6].

Motion DENIED.